96 Cal.Rptr.2d 431 (2000)
81 Cal.App.4th 179
The PEOPLE, Plaintiff and Respondent,
v.
Raymond MENDOZA, Defendant and Appellant.
No. F032945.
Court of Appeal, Fifth District.
June 1, 2000.
Review Granted August 9, 2000.
*433 Michael B. McPartland, under appointment by the Court of Appeal, Petaluma, for Defendant and Appellant.
Bill Lockyer, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Carlos A. Martinez and Robert M. Morgester, Deputy Attorneys General, for Plaintiff and Respondent.

*432 OPINION
ARDAIZ, P.J.
On December 15, 1997, the Merced County District Attorney's Office filed a petition to civilly commit appellant, Raymond Mendoza, as a sexually violent predator pursuant to the Sexually Violent Predators (SVP) Act. The trial court found probable cause to believe that appellant was a sexually violent predator and ordered him held pending trial.
After a trail by jury, the jury found appellant to be a sexually violent predator within the meaning of Welfare and Institutions Code section 6600. The trial court ordered appellant to be committed for a period of two years at a state mental hospital.
Appellant subsequently filed a timely notice of appeal. On appeal, appellant claims his commitment should be reversed because the trial court improperly admitted hearsay evidence at the trial and improperly allowed expert testimony. We will affirm and hold that such evidence may be admitted at the trial of a person alleged to be a sexually violent predator.

FACTS
Appellant had two prior convictions for committing lewd and lascivious acts upon children under the age of 14 (Pen.Code, § 288, subd. (a)). His first conviction was in 1985, and was the result of a no contest plea to a violation of Penal Code section 288, subdivision (a). The information in that case alleged that there were six victims, however, only charged appellant with one violation of the section. Appellant was sentenced to a total term of six years for the crime. In 1991, appellant was charged with two additional counts of lewd and lascivious acts upon a child under the age of 14 for separate acts upon the same victim. Appellant entered a plea of no contest to one count of lewd and lascivious act upon a minor and admitted that he had suffered a prior serious felony and received a total prison term of 13 years.
The prosecution produced two experts at trial, Dr. Dawn Starr, a clinical and forensic psychologist, and Dr. Craig Updegrove, a clinical psychologist. The experts both opined that appellant had committed sexually violent offenses against more than two victims. Additionally, the experts testified that appellant had a diagnosed mental disorder which affected his volitional capacity, namely pedophilia, and that it appeared likely that appellant would continue to engage *434 in sexually violent criminal behavior if released from prison.

Defense Case
Appellant produced his own expert, Dr. Theodore Donaldson, a clinical psychologist, to testify in his defense. Dr. Donaldson opined that appellant did not have a diagnosed mental disorder which affected his volitional capacity, and that it was not likely that he would continue to engage in sexually violent criminal behavior if released from prison.

I

THE DOCUMENTS WERE PROPERLY ADMITTED
Appellant argues that the trial court improperly admitted hearsay documents to prove the details underlying his prior sex offenses. We disagree.
In order to sustain a commitment under the SVP Act, the prosecution must prove, beyond a reasonable doubt, that the offender is a "sexually violent predator." (Welf. & Inst.Code, §§ 6600, subd. (a), & 6604.) A "sexually violent predator" is defined as a "person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (Welf. & Inst. Code, § 6600, subd. (a).) A "sexually violent offense" is an act "committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury" and resulted in a conviction of an enumerated offense.[1] (Welf. & Inst.Code, § 6600, subd. (b).) The Act goes on to provide that if the victim of the underlying offense was a child under the age of 14 and that the act involved substantial sexual conduct, the offense shall constitute a "sexually violent offense." (Welf. & Inst.Code, § 6600.1, subd. (a).) The Act does not provide a definition of a "diagnosed mental disorder" but it does provide that the term "includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (Welf. & Inst.Code, § 6600, subd. (c).)
At the trial in the present case, probation officer reports and police reports were admitted into evidence without objection. These reports established the details of the underlying offenses. Appellant claims on appeal that these documents contained inadmissible hearsay and should not have been admitted into evidence. Without these documents, the prosecution was unable to prove that his prior offenses fell within the definition of "sexually violent offenses." He goes on to argue that his failure to object should be excused, or assuming it is not excused, that trial counsel was ineffective for failing to object to the documents. We need not address these arguments because assuming, arguendo, that the failure to object was excused, we find that the documents were properly admitted.
Recently, in People v. Superior Court (Howard) (1999) 70 Cal.App.4th 136, 140, 82 Cal.Rptr.2d 481 (hereinafter Howard), the Sixth District Court of Appeal held that the Sexually Violent Predators Act "expressly allows the People to prove that a defendant has committed sexually violent offenses through hearsay evidence, including victim hearsay statements contained in probation reports." Howard addressed *435 the issue in the context of the probable cause hearing. The court relied on the plain language of Welfare and Institutions Code, section 6600, subdivision (a), to support its conclusion. That section states in pertinent part:
"The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health." (Italics added.)
Appellant contends that this section does not provide for the admission of hearsay evidence, but rather only allows the introduction of documentary evidence provided that the documents are otherwise admissible. Had the Legislature intended to provide for the admission of hearsay to prove the details of the underlying offense, appellant contends, it would have expressly stated that hearsay was admissible for that purpose. We are unpersuaded by appellant's argument.
In interpreting the above statute, this court must give the statute a meaning which comports with the legislative intent. (In re Parker (1998) 60 Cal.App.4th 1453, 1464, 71 Cal.Rptr.2d 167.) Legislative intent is determined from an examination of the words of the statute. (Ibid.) "In doing so, we must give effect to the usual, ordinary import of the words used in the statute, giving significance to each word, phrase and sentence in context with the purpose of the statute and avoiding a construction which would make some words surplusage." (Ibid.)
If we were to give the statute the meaning appellant suggests, the entire portion of the above quoted statute would be without effect. A document is admissible in a trial provided that it meets evidentiary requirements. For example, a prosecutor could always prove the details of an underlying offense through the use of appellant's admission as to those details contained within a probation report. (Evid.Code, §§ 1220 & 1280.)
Furthermore, the legislative history of the amendment, which added the above language, indicates that the Legislature intended for the amendment to provide an exception to the hearsay rule. The committee report on the bill stated that "[p]rosecutors have complained that they must bring victims back to court to relitigate proof of prior convictions. This bill would allow the existence of any prior convictions to be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, could be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, probation and sentencing report, and evaluation by DMH." (Sen. Com. on Criminal Procedure, Assem. Bill No. 3130 (1995-1996 Reg. Sess.) as amended July 7, 1996.) This demonstrates an intent on the part of the Legislature to provide for the use of hearsay contained within certain documents to prove the details of the underlying offenses in SVP cases.
Appellant, like the defendant in Howard, also relies on the argument that in the context of proving prior convictions for sentencing enhancements, the trier of fact may not rely upon documents which are precluded from consideration by the rules of evidence. In determining whether a defendant has suffered a prior conviction for the purposes of a sentencing enhancement, the trier of fact may only consider admissible evidence contained within the "record of conviction." (People v. Reed (1996) 13 Cal.4th 217, 223, 230-231, 52 Cal.Rptr.2d 106, 914 P.2d 184.) Therefore, the defendant's own statements contained within a probation report are admissible because those admissions fall within established hearsay exceptions. (Id. at pp. 230-231, 52 Cal.Rptr.2d 106, 914 P.2d 184.) Details of the prior offenses taken from *436 other witnesses, however, are hearsay, and therefore, are inadmissible. (Ibid.)
While it is true that victim statements contained with a probation officer's report would be considered inadmissible hearsay for the purpose of proving a prior conviction in determining sentencing enhancements, those rules have no application here. As the court in Howard explained "[s]entence enhancement is a criminal proceeding, while it is well established that the proceedings under the SVP Act are civil." (Howard, supra, 70 Cal.App.4th at p. 153, 82 Cal.Rptr.2d 481.) The court went on to explain:
"Under the SVP Act, the determination of whether the defendant is a sexually violent predator who poses a threat to society must include evidence of qualifying prior convictions. (In re Parker, supra, 60 Cal.App.4th at p. 1467 [71 Cal.Rptr.2d 167].) However, the qualifying prior convictions are not `proved' in order to enhance the defendant's sentence; instead, the evidence of prior convictions is required as partial proof that the defendant has committed sexually violent offenses. (§ 6600, subds.(a), (b).) The SVP Act provides that additional evidence, obtained from sources outside the conviction record, is admissible to prove sexually violent offenses, because the Act expressly states that '[t]he details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health.' (§ 6600, subd. (a), italics added.) Probation reports in felony cases necessarily include victim hearsay statements, pursuant to the requirements for probation reports set forth in California Rules of Court, rule 411.5(a)(5)." (Howard, supra, 70 Cal.App.4th at pp. 153-154, 82 Cal. Rptr.2d 481.)
Howard also resolved appellants claim that the use of hearsay evidence to prove the details of the underlying offense violated his due process rights. As that court noted, appellant had the opportunity to challenge the hearsay evidence, to cross-examine the People's witnesses, and to present his own rebuttal evidence. (Howard, supra, 70 Cal.App.4th at p. 154, 82 Cal.Rptr.2d 481.)
Because we find the Howard court's analysis of the due process issue persuasive, we quote it at length:
"... [D]ue process under the SVP Act is not measured by the rights accorded a defendant in criminal proceedings, but by the standard applicable to civil proceedings: The extent of due process protection which must be accorded a civil litigant is tested by consideration of four factors: (1) `"`the private interest [which] will be affected by the official action'"'; (2) `"`the risk of an erroneous deprivation ... through the procedures used'"'; (3) `"`the probable value, if any, of additional or substitute procedural safeguards,'"' and (4) `"the ... interest in informing individuals ... of the action and in [allowing] them to present their side of the story."' (In re Parker, supra, 60 Cal.App.4th at pp. 1462-1463, 71 Cal.Rptr.2d 167, quoting' Conservatorship of Moore (1986) 185 Cal.App.3d 718, 728-729, 229 Cal.Rptr. 875.)
"Upon consideration of these four factors, due process is preserved under the SVP Act because the proceedings mandated by the Act are adequate to enable a defendant to challenge the People's documentary evidence. By doing so, the defendant has the opportunity to thoroughly present his side of the story. Moreover, hearsay statements are obviously vulnerable to challenge by defendant as arguably unreliable summaries of victim and witness interviews, and the defendant may rebut the hearsay statements by providing his own version of the details underlying his offenses.

*437 "We also consider that, while the alleged sexually violent predator has a strong liberty interest, the government also has a strong interest in protecting the public from persons who are dangerous to others. (See Hubbart v. Superior Court [(1999)], supra, 19 Cal.4th [1138] at p. 1151 [81 Cal.Rptr.2d 492, 969 P.2d 584].) If the defendant's sexually violent offenses can be established only by looking to the record of prior convictions, this additional procedural burden will severely limit the People's ability to protect the public by obtaining commitments under the SVP Act.
"This undesirable result would ensue if the People were restricted to the evidence contained in the defendant's prior conviction record. With such a limited source of evidence, the People would be able to obtain civil commitment of sexually violent predators only in cases where the conviction record was extensive, and included victim testimony at the preliminary hearing or trial as to the details of the sexually violent offense, and as to the victim's relationship with the defendant. If, as here, the defendant pled guilty before the preliminary hearing, or the victims' testimony was not sufficient to establish the details of the offense as required by the SVP Act, the state would never be able to meet its burden. As in the present case, the relevant details of the defendant's sex offenses often may be found only in the hearsay statements of victims and other witnesses contained in probation and sentencing reports. Accordingly, we conclude that exclusion of such hearsay statements from the evidence presented by the People ... would place a burden on the prosecution which is not required by the plain language of the SVP Act." (Howard, supra, 70 Cal.App.4th at pp. 154-155, 82 Cal.Rptr.2d 481.)
Likewise in the present case, use of victim hearsay statements contained in the probation officer's report did not violate appellant's due process rights.
Appellant's final claim is that Howard is somehow distinguishable from this case because Howard dealt with the use of hearsay statements at the probable cause hearing rather than at the trial. We can see no reason for limiting the holding in Howard to probable cause hearings. Appellant has not provided this court with any distinction between probable cause hearings and trials under the SVP Act. (Howard, supra, 70 Cal.App.4th 136, 82 Cal.Rptr.2d 481.) Welfare and Institutions Code section 6600, subdivision (a), does not limit the use of documentary evidence to probable cause hearings. Indeed, that section provides the definition of a "sexually violent predator" which is the issue to be resolved at trial. (Welf. & Inst.Code, § 6604.) Furthermore, the section speaks to what evidence may support a jury determination as to whether the person is a sexually violent predator. However, a person subject to the SVP Act is only entitled to a jury at the trial, not at the probable cause hearing. (Welf. & Inst. Code, §§ 6602, 6603.) Therefore, the act clearly contemplates the use of such evidence at the trial.
For these reasons we find that Welfare and Institutions Code section 6600, subdivision (a), permits the prosecution to establish the details of the underlying offenses through hearsay testimony.[2]

*438 II

APPELLANT CAN NOT DEMONSTRATE ANY PREJUDICE FROM THE ADMISSION OF EXPERT OPINION REGARDING HIS PRIOR OFFENSES
In appellant's second argument on appeal he claims that the trial court erred when it allowed the prosecution's experts to render their opinions as to whether appellant's prior offenses had been committed with force, duress, or involved substantial sexual conduct. Assuming the trial court erred in allowing the experts to give their opinion as to whether appellant's acts constituted "sexually violent offenses," appellant can show no prejudice.
The erroneous admission of evidence requires reversal only when it results in a "miscarriage of justice." (Evid. Code, § 353, subd. (b); Cal. Const. Art. VI, § 13.) To determine whether an error is prejudicial under this standard, the court assess whether there is a reasonable probability that the outcome would have been more favorable to the defendant had the error not occurred. (People v. Watson (1956) 46 Cal.2d 818, 835-836, 299 P.2d 243.)
As we have already stated, appellant was convicted of two violations of Penal Code section 288, subdivision (a), against seven separate victims. In order to find that appellant was a sexually violent predator, the jury had to find that appellant was convicted of a sexually violent offense against two or more victims. In proving a sexually violent offense, the prosecution could demonstrate that appellant was convicted of an enumerated offense against a child under the age of 14 and that the act was committed with substantial sexual conduct. (People v. Superior Court (Johannes) (1999) 70 Cal.App.4th 558, 569, 82 Cal.Rptr.2d 852; Welf. & Inst.Code, § 6600.1.) The SVP Act defines substantial sexual conduct as "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (Welf. & Inst.Code, § 6600.1, subd. (b).) Appellant admits in his argument that an "act against one of the victims involved substantial sexual conduct, since the reports indicated that there was penetration with a foreign object." He then goes on to argue that "with regards to the other victims, the acts were most likely not committed with force, duress, and did not involve substantial sexual conduct." Appellant then concludes that it is a close question as to whether appellant committed sexually violent offenses against two or more persons.
However, appellant overlooks the fact that the evidence established that acts upon two of the victims involved substantial sexual conduct. The evidence showed that Shannon G. and Christine P. were both the victims of digital penetration by appellant. In addition, the jury found that appellant committed sexually violent offenses upon both of these victims. Because appellant's acts against these children necessarily fell within the definition *439 of "substantial sexual conduct," there is no reasonable probability that a result more favorable to appellant would have been reached had the experts not rendered their opinion regarding whether these acts constituted sexually violent offenses.

DISPOSITION
The judgment is affirmed.
VARTABEDIAN, J., and MOFFAT, J. Pro Tern.[*], concur.
NOTES
[1] Those offenses include "a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code." (Welf. & Inst.Code, § 6600, subd. (b).)
[2] Appellant makes no distinction between the use of hearsay contained in the probation officer's reports and hearsay contained in the police officer reports which were admitted at trial. Since the police reports and probation reports contained substantially similar information, we need not address the issue of whether the hearsay information contained within the police reports was separately admissible. Neither do we address the issue of what limits, if any, may be placed on the particular hearsay evidence offered.

To the extent that appellant separately objects to the use of hearsay contained within the police reports, we find that objection was waived. We can not excuse the failure to object to hearsay contained in police reports because there was no case law at the time of trial establishing that such evidence was admissible. (See People v. Welch (1993) 5 Cal.4th 228, 237-238, 19 Cal.Rptr.2d 520, 851 P.2d 802 [failure to object excused where objection would have been wholly unsupported by substantive law].) Rather, the cases in existence at the time of trial dealt with hearsay contained in documents which were specifically mentioned by the statute. Therefore, an objection to the use of police reports could have been supported.
Additionally, any claim of ineffective assistance of counsel in this case also fails because appellant can not show that the failure to object was not the result of a reasoned tactical decision. (People v. Fosselman (1983) 33 Cal.3d 572, 581-582, 189 Cal.Rptr. 855, 659 P.2d 1144.) Here, appellant's counsel may well have chosen to allow the admission of the police reports to prove the details of the underlying offenses rather than subject his client to a parade of witnesses who would chronicle the many offenses appellant committed against them.
[*] Judge of the Madera Superior Court assigned by the Chief justice pursuant to Article VI, section 6 of the California Constitution.