Filed 12/17/24  P. v. Steve CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEVITICUS IVORY STEVE,<br><br>    Defendant and Appellant. | F085851<br><br>(Super. Ct. No. F09903732)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Poochigian, J. and Meehan, J.

Defendant Leviticus Ivory Steve contends on appeal that the trial court's order denying defendant's motion for resentencing pursuant to Penal Code section 1172.75[1] must be vacated and remanded for resentencing because his section 288, subdivision (a), conviction is not a disqualifying prior conviction under section 1172.75, subdivision (a). The People disagree. We affirm.

## PROCEDURAL SUMMARY

On March 11, 2010, the Fresno County District Attorney filed an amended information charging defendant with first degree residential robbery (§ 211; counts 1 & 2). The information further alleged defendant personally used a firearm within the meaning of section 12022.53, subdivision (b). The prosecution further alleged defendant had suffered a prior conviction within the meaning of sections 667, subdivisions (b)–(i), and 1170.12, subdivisions (a)–(d), to wit, a February 2000 conviction for violating section 288 (lewd act on a person under 14 years of age).

On May 27, 2010, a jury found defendant guilty on counts 1 and 2 and found all enhancements and prior convictions true. The trial court sentenced defendant to a term of 31 years eight months in state prison.

On April 27, 2012, defendant was resentenced, and the trial court exercised its discretion to strike the one-year eight-month term for the prior enhancement as to count 2. (§ 667.5, subd. (a)(1).)

On October 8, 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) was passed, invalidating all section 667.5, subdivision (b), one-year prison prior enhancements imposed prior to January 1, 2020, except for prior convictions for sexually violent

---

[1] All statutory references are to the Penal Code unless otherwise noted.

offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 1172.75.)[2]  It was effective January 1, 2022, and states:

> "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an [eligible section 667.5, subdivision (b)] enhancement …." (§ 1172.75, subd. (b).)

On July 11, 2022, defendant filed a motion for resentencing pursuant to sections 1170, 1171, 3051, 4081, 1385, 1393, Evidence Code section 352, and Senate Bill Nos. 483, 567, 260/261, 136, and 81.  The trial court appointed counsel to represent defendant.  The People filed a brief arguing defendant was ineligible for relief under section 1172.75, subdivision (a).

On January 27, 2023, defense counsel filed briefing arguing defendant was entitled to relief as his conviction did not meet the new criteria for the sentencing enhancement and the change in the law was retroactive.

On March 1, 2023, after the parties agreed defendant's prior conviction for a violation of section 288, subdivision (a),[3] was a violent sexual offense, the trial court found the same and denied defendant's motion for resentencing.

On March 2, 2023, defendant timely filed a notice of appeal.

On October 17, 2023, we ordered the record be augmented with "[a]ny document filed or lodged demonstrating the Secretary of the Department of Corrections and Rehabilitation [(CDCR)] identified [defendant] as a person serving a term for a judgment

---

**2**     Effective June 30, 2022, section 1117.1 was renumbered to section 1172.75. (Stats. 2022, ch. 58, § 12.)

**3**     The first amended information does not specify whether the violation of section 288 was without force or fear.  However, the nonpublished opinion in *People v. Steve* (Oct. 20, 2011, F060660), and the pleadings of both parties in the instant case refer to the "nonviolent" subdivision (a) of that section.

that includes an enhancement described in subdivision (a) of Penal Code section 1172.75, including the date any such document was filed or lodged." Defendant's name was on such a list from CDCR.

## FACTUAL SUMMARY[4]

When defendant was 18 years old, he had sexual intercourse on one occasion with a 13-year-old girl. The intercourse resulted in her pregnancy. Defendant claimed to have believed the girl was 15 or 16 years old, and that she was in eighth grade because she had been held back in school, not because she was only 13 years old. The girl's mother did not want defendant to be charged for the offense, but defendant's non-pregnant girlfriend at the time had a confrontation with the pregnant 13 year old, which led to the involvement of law enforcement.

## DISCUSSION

Defendant contends the trial court's order must be vacated and remanded for resentencing because a violation of section 288, subdivision (a), does not involve the use of force or fear, so a violation of section 288, subdivision (a), is not a disqualifying prior conviction under section 1172.75, subdivision (a). The People disagree. We agree with the People.

### A.    Background

On January 5, 2023, defense counsel filed for sentencing relief, arguing that resentencing of defendant was mandated by section 1172.7, subdivision (d)(2), the fact that defendant's case was properly reopened as a result of his inclusion on the CDCR list, and the fact that numerous ameliorative statutes applied to defendant's reopened case. On January 11, 2023, the prosecution filed a brief arguing defendant was ineligible for resentencing based upon his prior conviction for violating section 288, subdivision (a).

---

**4**    The facts for the underlying offense are taken from the probation officer's report.

The trial court held that defendant's inclusion on the CDCR's list only prompted the hearing to determine defendant's eligibility and did not reopen defendant's case or otherwise mandate resentencing.

### B.  Law

" ' "When we interpret a statute, '[o]ur fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning ….  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'  [Citation.]  'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.' " ' " (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990.)

### C.  Analysis

Here, the imposed section 667.5, former subdivision (b), enhancement that was stricken pursuant to section 1172.75 was for defendant's prior violation of section 288, subdivision (a), (lewd and lascivious act upon a child under 14 years of age).  In his section 1172.75 petition for resentencing below, defendant acknowledged that the section 288, subdivision (a), offense was the basis for the imposed prison prior enhancement, but he alleged it was not a "sexually violent offense" because there was no evidence it was committed by force or fear.  (See Welf. & Inst. Code, § 6600, subd. (b), [listing acts that are a "sexually violent offense," including a felony violation of § 288, "when committed by force, violence, duress, menace, fear of immediate and unlawful

5.

bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person"].)

However, a violation of section 288, subdivision (a), involves the commission of a lewd or lascivious act upon a child who is under the age of 14 years old, and Welfare and Institutions Code section 6600.1 provides, "If the victim of an underlying offense that is specified in subdivision (b) of [s]ection 6600 is a child under the age of 14, the offense shall constitute a 'sexually violent offense' for purposes of [s]ection 6600." Thus, a section 288, subdivision (a), violation is necessarily a sexually violent offense "for purposes of [Welfare and Institutions Code] [s]ection 6600" in light of the express language of Welfare and Institutions Code section 6600.1. (See generally *People v. Lowe* (2012) 211 Cal.App.4th 678, 682, fn. 2 [noting "[a] violation of Penal Code section 288 against a victim under 14 years old is a 'sexually violent offense' as a matter of law"].)

However, defendant argues that Welfare and Institutions Code section 6600.1 does not apply because it is not mentioned in the text of sections 1172.75, subdivision (a), or 667.5, subdivision (b). He contends there is nothing in the language or legislative history of section 1172.75, subdivision (b), to support the conclusion that the Legislature intended that Welfare and Institutions Code section 6600.1 would apply for purposes of determining the validity of sentence enhancements imposed under former section 667.5, subdivision (b). We disagree.

Section 6600.1 of the Welfare and Institutions Code expressly broadens the list of crimes qualifying as sexually violent offenses "for purposes of [s]ection 6600." (See *People v. Superior Court* (*Johannes*) (1999) 70 Cal.App.4th 558, 569 [Welf. & Inst. Code, "section 6600.1 modifies section 6600, subdivision (b)"]; see also *People v. Carlin* (2007) 150 Cal.App.4th 322, 328, fn. 3 ["Proposition 83 broadened the category of convictions that constitute a sexually violent offense"].) And, "[t]he Legislature is presumed to be aware of all laws in existence when it passes or amends a statute."

6.

(*In re Greg F.* (2012) 55 Cal.4th 393, 407; accord, *People v. Licas* (2007) 41 Cal.4th 362, 367 [" '[T]he Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes " 'in the light of such decisions as have a direct bearing upon them' " ' "].)  Accordingly, when the Legislature drafted section 1172.5 to reference Welfare and Institutions Code section 6600, it is presumed to have been aware of and incorporated the related law—Welfare and Institutions Code section 6600.1—which necessarily informs of the definition of a sexually violent offense as contained in Welfare and Institutions Code section 6600.  (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199 ["We do not presume that the Legislature intends, when it enacts a statute, to overthrow long-established principles of law unless such intention is clearly expressed or necessarily implied.  [Citation.]  Rather, we must assume that … the Legislature was aware of existing related laws and intended to maintain a consistent body of rules"].)

Accordingly, we conclude the imposed prison prior enhancement, based upon a violation of section 288, subdivision (a), is still valid under amended section 667.5, subdivision (b) because it was for a sexually violent offense.  Thus, because there is no legally invalid prison prior enhancement, the trial court did not err in finding defendant was not eligible for resentencing under section 1172.75.  (§ 1172.75, subd. (c).)

## DISPOSITION

The trial court's order is affirmed.

7.