[No. E021569. Fourth Dist., Div. Two. Mar. 1, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
TRELL JAMES MERCER, JR., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts and Procedural Background, part II, and part III.

**COUNSEL**

Pearl Gondrella Mann, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WARD, J.**—Defendant Trell James Mercer, Jr., appeals from his commitment to Atascadero State Hospital following a jury finding that he was a sexually violent predator within the meaning of the Sexually Violent Predators Act (SVP Act) (Welf. & Inst. Code, § 6600 et seq.) On appeal, defendant contends the evidence was insufficient to establish that he was a sexually violent predator likely to reoffend if released. He also contends the SVP Act denied him equal protection of the law because it treats offenders differently than they are treated under other civil commitment schemes. In a supplemental brief, defendant contends the prosecution failed to meet its burden of establishing the reliability of the protocol and techniques its expert witnesses had used to predict he was likely to reoffend. We find no error, and we affirm.

FACTS AND PROCEDURAL BACKGROUND*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

ANALYSIS

I.   *The Evidence Was Sufficient to Support the Jury's Finding*

Defendant contends the evidence was insufficient to establish that he was a sexually violent predator likely to reoffend if he was released.

A.   *Standard of Review*

■   No court has yet articulated the standard for considering the sufficiency of the evidence to support a commitment under Welfare and Institutions Code section 6600. However, in the context of commitments under the

*See footnote, *ante*, page 463.

mentally disordered offender law (MDO Law) (Pen. Code, § 2960 et seq.), courts apply the same test as for reviewing the sufficiency of the evidence to support a criminal conviction. (See *People* v. *Martin* (1980) 107 Cal.App.3d 714, 719 [165 Cal.Rptr. 773].) Similarly, in the context of extended commitments under Penal Code section 1026.5 for defendants acquitted by reason of insanity, courts apply the same test. (See *People* v. *Overly* (1985) 171 Cal.App.3d 203, 207 [216 Cal.Rptr. 924].) Because those classes of offenders are so similar, we conclude the same standard should apply in proceedings under the SVP Act. Thus, this court must review the entire record in the light most favorable to the judgment to determine whether substantial evidence supports the determination below. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576-578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) To be substantial, the evidence must be " 'of ponderable legal significance . . . reasonable in nature, credible and of solid value.' " (*Id.* at p. 576.)

B. *The Evidence Was Sufficient to Establish That Defendant Was a Sexually Violent Predator*

■ To establish that defendant was a sexually violent predator, the People were required to prove that (1) defendant had been convicted of two separate sexually violent offenses; (2) he had received a determinate term; (3) he had a diagnosable mental disorder; and (4) his disorder made it likely he would engage in sexually violent conduct if released. The parties stipulated to the first two elements. ■ With respect to the third and fourth elements, defendant argues that the expert witnesses were unable to agree on what mental disorder he suffered from, and there was no evidence he lacked the ability to control his sexually violent behavior.

With respect to the mental disorder diagnosis, all three psychologists testified that defendant had pedophilia. The two prosecution experts agreed he suffered from a personality disorder with schizoid features; however, the defense expert testified that defendant tested low in that area, but exhibited histrionic and narcissistic characteristics. None of the experts discussed the degree or severity of the diagnoses.

With respect to defendant's volitional control, the two prosecution experts testified defendant could not control his sexually violent behavior. However, the defense expert testified there was no evidence of an inability to control behavior.

The credibility of the experts and their conclusions were matters resolved against defendant by the jury. We are not free to reweigh or reinterpret the

evidence. (*People* v. *Perry* (1972) 7 Cal.3d 756, 785, fn. 17 [103 Cal.Rptr. 161, 499 P.2d 129].) Moreover, we must draw all reasonable inferences in favor of the judgment. (*People* v. *McCleod* (1997) 55 Cal.App.4th 1205, 1220-1221 [64 Cal.Rptr.2d 545].)

Here, the jury could reasonably believe the evidence of the prosecution witnesses and reject that of the defense witness. We therefore conclude that sufficient evidence existed from which a rational fact finder could determine that defendant could not control his sexually violent behavior and would likely reoffend if released.

## II., III.*

* * * * * * * * * * * * * * * * * * * * * * * *

## DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Gaut, J., concurred.

---

*See footnote, *ante*, page 463.