[No. B155507. Second Dist., Div. Six. Mar. 11, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GEORGE STARR, Defendant and Appellant.

**COUNSEL**

Kent Douglas Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth N.

Sokoler and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.**—Here we conclude pedophilia is a severe mental disorder. Robert George Starr appeals the judgment and order of commitment to the State Department of Mental Health for treatment as a mentally disordered offender (MDO). (Pen. Code, § 2962 et seq.)[1] We affirm.

### FACTS

Starr, 62 years old, had an extensive criminal record. Over an eight-month period in 1991, he committed numerous acts of sexual intercourse, oral copulation, digital penetration and sodomy on two girls, ages six and seven. He referred to one of the victims as "a little Lolita." He pled guilty to four counts of committing lewd acts on a minor under 14 years of age. (§ 288, subd. (a).) He was sentenced to 14 years in state prison.

In 2000, the Board of Prison Terms (BPT) determined that Starr was an MDO. He petitioned to review its determination in the superior court. After a hearing, the court ordered him released from Atascadero State Hospital. Less than two months later, he violated his parole conditions by attempting to contact young children. The court ordered him to serve additional prison time.

In August of 2001, the BPT determined that Starr met the MDO criteria. He filed a superior court petition to review that determination and the court set the case for trial.

Doctor Barbara Stark, a psychologist, concluded that Starr had a severe mental disorder because of pedophilia and chronic schizophrenia. She stated that because of this, he "does represent a substantial danger of physical harm to others."

Doctor Hannah MacGregor, a psychiatrist, testified Starr had a severe mental disorder involving severe depression with "psychotic features" and "represent[ed] a substantial danger of harm to others." She testified, "If he were to be released from close supervision . . . he might very well molest children again[.] [¶] His last parole lasted only 47 days. He was found with two children and objects attractive to children."

---

[1]All statutory references are to the Penal Code unless otherwise stated.

Doctor Robert Weber, a psychologist, testified Starr had severe mental disorders, including schizophrenia and a "decline in cognitive function." "Pedophilia" was a factor in his offenses against the children. He concluded that Starr was a threat to children.

In the defense case, Doctor Michael German, a psychiatrist, testified that the criteria for pedophilia is recurrent, intense, sexual fantasies or sexual activity with a child under 13 for a period of at least six months by someone more than five years older than the victim. He did not have sufficient data to classify Starr as a pedophile.

Doctor Eric Simon, a psychologist, testified that Starr did not have the symptoms of a severe mental disorder. He concluded he suffered from pedophilia, which was not a severe mental disorder. He opined that pedophiles are only societal nonconformists, similar to someone with an antisocial personality disorder. He stated Starr "may pose a violence risk" because of his pedophilia.

The court found Starr "is a pedophile and . . . due to that condition, it substantially impairs his thought, perception of reality, emotional process and judgment and grossly impairs his behavior."

### DISCUSSION

#### *Pedophilia as a Severe Mental Disorder*

■■ Starr concedes that substantial evidence supports the court's finding that he is a pedophile. But he contends that pedophilia does not fall within the MDO statutory commitment scheme as a severe mental disorder. He argues it is not a mental disorder, only a sexual deviation "inconsistent with current social norms" and "conservative moral values." We disagree.

Under section 2962, subdivision (a), a prisoner must have a "severe mental disorder" to meet the criteria for an MDO commitment. Severe mental disorder includes "an illness or disease or condition that substantially impairs the person's thought, perception of reality, emotional process, or judgment; or which grossly impairs behavior[.]" (*Ibid.*) The court concluded Starr's pedophilia fell within this definition. The parties have not cited a case that holds that pedophilia is a severe mental disorder for MDO commitment purposes.

But California courts have consistently classified pedophilia as a mental disorder in other statutory commitment proceedings. (*People v. Mercer*

(1999) 70 Cal.App.4th 463, 466 [82 Cal.Rptr.2d 723] [pedophilia a "mental disorder" under Sexually Violent Predator Act (SVPA)]; *People v. McCune* (1995) 37 Cal.App.4th 686, 692 [43 Cal.Rptr.2d 804] [state hospital commitment under § 1026.5 proper for the "mental disorder" of pedophilia]; *People v. Sherman* (1985) 167 Cal.App.3d 10, 15 [212 Cal.Rptr. 861] ["Appellant's mental disorder that brings him under the purview of the MDSO [mentally disordered sex offenders] statutes is pedophilia"]; *People v. Lamport* (1985) 165 Cal.App.3d 716, 718 [211 Cal.Rptr. 665] [pedophilia a "mental disorder" which predisposes the defendant to engage in sex with minors].) Courts from other states have also concluded that pedophilia is a mental disorder. (*In re Commitment of Zanelli* (1998) 223 Wis.2d 545, 551 [589 N.W.2d 687, 691]; *In re Pugh* (1993) 68 Wash.App. 687, 693 [845 P.2d 1034, 1037-1038].)

Starr argues that Simon and other experts have concluded that pedophilia is not a mental disorder. But that is neither the prevailing view of the profession nor would it prevent the Legislature from defining it as a mental disorder. (*Kansas v. Hendricks* (1997) 521 U.S. 346, 360 [117 S.Ct. 2072, 2081, 138 L.Ed.2d 501]; American Psychiatric Assn. Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) Pedophilia, § 302.2, pp. 527-528 (DSM-IV).) In *Kansas v. Hendricks*, the United States Supreme Court stated that pedophilia is "a condition the psychiatric profession itself classifies as a serious mental disorder." (*Kansas*, at p. 360 [117 S.Ct. at p. 2081].) The court acknowledged other views. It stated, "We recognize, of course, that psychiatric professionals are not in complete harmony in casting pedophilia, or paraphilias in general, as 'mental illnesses.' . . . These disagreements, however, do not tie the State's hands in setting the bounds of its civil commitment laws. In fact, it is precisely where such disagreement exists that legislatures have been afforded the widest latitude in drafting statutes. [Citation.]" (*Id.* at p. 360, fn. 3 [117 S.Ct. at p. 2081].)

Here the Legislature used the widest latitude in drafting the MDO statute. It did not restrict the disorders that would fall within the statute by confining them to a list of diseases. The definition of " 'severe mental disorder' " is broad and only requires that the disorder be either "an illness or disease or condition" which "grossly impairs behavior." (§ 2962, subd. (a).) Notwithstanding any medical disagreement about pedophilia as a mental illness, it is at least a condition which grossly impairs behavior and falls within the broad statutory definition. (*People v. Lamport, supra*, 165 Cal.App.3d at p. 718; DSM-IV, *supra*, at pp. 527-528.) Its inclusion is consistent with the general underlying purpose of the commitment statutes which is to protect the public from violent and dangerous felons. (Cf. *People v. Dyer* (2002) 95 Cal.App.4th 448, 456 [115 Cal.Rptr.2d 527].)

Moreover, the Legislature's selection of qualifying offenses for MDO commitments shows an intent to include pedophilia as a disorder. It specifically included both lewd acts on a child under the age of 14 (§ 288) and continuous sexual abuse of children under the age of 14. (§§ 288.5, 2962, subd. (e)(2)(I)-(J).) These are the type of offenses that pedophiles commit. (DSM-IV, *supra*, at pp. 527-528.) Starr was convicted of violating section 288.

Starr contends that legislative committee reports on Assembly Bill No. 888, which introduced the SVPA (Welf. & Inst. Code, § 6600 et seq.) show that pedophiles who commit sex offenses fall exclusively under the SVPA and are not mentally disordered offenders. We disagree. ■ Comments by legislators are important, but they are not always dispositive on legislative intent. They do "not have the force of law, for the interpretation of law is a judicial function. [Citation.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 780 [55 Cal.Rptr.2d 117, 919 P.2d 731].) Courts may reject them where they are not accurate or inconsistent with the statutory scheme. (*Id.* at pp. 781, 783.)

The report of the Senate Committee on Criminal Procedure on Assembly Bill No. 888 (1995-1996 Reg. Sess.) as amended on May 31, 1995, at comment No. 4, stated: "Existing law provides for the disposition of mentally disordered offenders (MDO) upon discharge. . . . Those with personality or adjustment disorders (the subjects of this bill) are specifically excluded from the program."

These remarks reflect the Legislature's concern about certain sex offenders not covered by the MDO law who are released from prison without treatment. After enactment of the SVPA, the Legislature amended the MDO law several times, but did not change the child molestation offenses that qualify for MDO commitments. This shows an intent to preserve the existing program for MDO offenders. It matters not that some offenses may come within the SVPA and the MDO law.

### Equal Protection

■ Starr contends that as a pedophile under an MDO commitment, he receives unequal treatment from that received by pedophiles under the SVPA. He contends this violates his right to equal protection of the laws.

Starr did not raise this issue at trial. He neither presented evidence regarding the treatment sexually violent predators (SVP) receive nor did his petition allege that he was eligible for the SVP program. But even assuming

that he is similarly situated to those in the SVP program, there is no equal protection violation. (*People v. Poe* (1999) 74 Cal.App.4th 826, 833 [88 Cal.Rptr.2d 437].) "[N]o significant difference exists regarding treatment provisions once a person is found to be a MDO or an SVP." (*Ibid.*)

## Release

Starr contends he should be released because his pedophilia is "under control" and he is not a threat to children. We disagree. The psychiatric testimony established he was a threat to children, posed a substantial danger to others, and "might very well molest children again."

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.