Filed 5/7/14  P. v. Hasan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,</td><td></td></tr>
<tr><td>Plaintiff and Respondent,</td><td>E058099</td></tr>
<tr><td>v.</td><td>(Super.Ct.No. FVI1202570)</td></tr>
<tr><td>JANAI KIRA HASAN,</td><td>OPINION</td></tr>
<tr><td>Defendant and Appellant.</td><td></td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Jules E. Fleuret, Judge.  Affirmed in part and reversed in part with directions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Janai Kira Hasan was charged with five counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] The trial court later granted defendant's motion under section 1118.1 to dismiss two of the five counts.

A jury found defendant guilty of three counts of simple misdemeanor assault (§ 240), as a lesser included offense of assault with a deadly weapon. Defendant was sentenced to three consecutive six-month sentences in county jail with credit of 554 days for time served. The trial court also ordered defendant to pay $500 in attorney fees in addition to other fines and fees.

Defendant's sole contention on appeal is that the trial court erred in ordering him to pay attorney fees without notice and a hearing to determine whether he had the present ability to pay the fees as required by section 987.8. The People concede the error. We agree with the parties, and will remand the matter to the trial court to conduct a hearing on defendant's ability to pay.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

I[2]

## DISCUSSION

There is no dispute defendant was provided legal assistance in the instant case at the county's expense. Under the terms of the statute, the trial court may, but only after notice and hearing, order a defendant to pay all or a portion of the costs of his legal representation if the court determines the defendant has the "present ability . . . to pay" such costs. (§ 987.8, subd. (b).)

A determination that a defendant has the ability to pay is a prerequisite for entry of an attorney fee order. (§ 987.8, subd. (e).) While such a determination may be implied, the order cannot be upheld on review unless it is supported by substantial evidence. (*People v. Nilsen* (1988) 199 Cal.App.3d 344, 347.) When the issue on appeal is sufficiency of the evidence, "we must draw all reasonable inferences in favor of the judgment." (*People v. Mercer* (1999) 70 Cal.App.4th 463, 467.)

Defendant first argues he was not provided notice of a hearing on the issue of his present ability to reimburse the county for all or a portion of the costs of his legal representation. There is no probation report in the instant case, and at the sentencing hearing defendant asserted that he was unable to pay the attorney fees. The record is devoid of any indication that defendant was provided the notice required by statute.

---

[2] The details of defendant's criminal conduct are not relevant to the limited issue raised in this appeal. Those details are set out in defendant's brief, and we will not recount them here. Instead, we will recount only those facts and procedural background that are pertinent to the issue we must resolve in this appeal.

Defendant also argues there was insufficient evidence to support the trial court's implied finding that defendant had the ability to reimburse the county for costs of legal representation in the amount of $500. Section 987.8 defines "'[a]bility to pay'" as a defendant's "overall" financial capability to pay, and lists factors relevant to this determination. (§ 987.8, subd. (g)(2).) Those factors include "[t]he defendant's present financial position" (§ 987.8, subd. (g)(2)(A)); "[t]he likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing" (§ 987.8, subd. (g)(2)(C)); and his or her "reasonably discernible future financial position" (§ 987.8, subd. (g)(2)(B)). In determining the last of these factors, "In no event shall the court consider a period of more than six months from the date of the hearing . . . ." (*Ibid.*)

Drawing all inferences in favor of the judgment, we agree with the parties that the record here does not contain sufficient evidence of defendant's ability to pay attorney fees. There is no evidence of defendant's "present financial position" in the record. We will, therefore, reverse the trial court's order for reimbursement of attorney fees and remand the matter for a hearing on defendant's ability to pay.

II

DISPOSITION

The judgment of conviction is affirmed.  The trial court's order for reimbursement of attorney fees is reversed.  The matter is remanded for the trial court to conduct a hearing on defendant's ability to pay these fees should the People continue to pursue them.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


KING
J.