Filed 6/25/26  P. v. Amador CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ENRIQUE AMADOR,<br><br>　　　　Defendant and Appellant. | A173128<br><br>(Del Norte County<br>Super. Ct. Nos. CRF20239410,<br>CRF20239457) |

**MEMORANDUM OPINION**

In August and September 2023, the prosecution charged Michael Enrique Amador in two cases.[1]  In both, it charged him with burglary of a vehicle and alleged he had suffered a prior serious or violent felony conviction.  (Pen. Code, §§ 459, 1170.12, subd. (c)(1); undesignated statutory references are to this code.)  In the September complaint, it also charged him with grand theft, vandalism, and possession of a burglary tool.  (Former § 466, §§ 487, subd. (a), 594, subd. (a).)

In April and July 2023, Amador smashed the windows of parked cars and took approximately $1,750 worth of items.  In May 2024, Amador pled no contest to the burglary charges in exchange for dismissal of the remaining

---

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

charges. In March 2025, the trial court sentenced him to 2 years, 8 months in prison.

At the sentencing hearing, the trial court imposed approximately $928 in restitution payable to the victims for the stolen items pursuant to former section 1202.4, subdivision (f). It then began to impose a restitution "base fine" of $370 but ultimately decided to stay the fine because it "would rather have him, if he is working in the prison system, to be making whatever payments they take out of his office books to go towards [victim] restitution." At the time of sentencing, Amador "was homeless" and had been "unemployed" "for quite some time." The court did not impose any financial obligations for a court operations assessment or a conviction assessment.

On appeal, the parties agree that (1) the abstract of judgment mistakenly reflects that the trial court imposed financial obligations for court operations and conviction assessments; (2) we may strike the assessments; and (3) the abstract erroneously indicates the restitution fines were not stayed. But they *disagree* as to the proper remedy for the unstayed restitution fines. Amador contends we need only amend the abstract of judgment to reflect they were stayed. But the Attorney General — citing section 1202.4, subdivision (c) — contends we must remand to the court for it to state compelling and extraordinary reasons to stay the fines or for it to order the fines without staying them. Amador has the better argument. The court *did* state a compelling reason — that is, that any income he earned would best be applied towards compensating the victims rather than paying a fine. (*People v. Mercer* (1999) 70 Cal.App.4th 463, 467 [we draw all inferences in favor of the judgment].) Thus, we agree remand is unnecessary.

## DISPOSITION

The judgment is affirmed. The abstract of judgment shall be corrected to reflect that the trial court stayed the section 1202.4, subdivision (b), restitution fines, and the financial obligations from the court operations and conviction assessments shall be struck.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A173128; *P. v. Amador*