[No. B126017. Second Dist., Div. One. Mar. 3, 1999.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GERALD JOHANNES, Real Party in Interest.

**COUNSEL**

Gil Garcetti, District Attorney, Brent Riggs and Fred Klink, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, James Vitek and Jack T. Weedin, Deputy Public Defenders, for Real Party in Interest.

**OPINION**

**ORTEGA, Acting P. J.**—In 1995, the Legislature enacted the Sexually Violent Predators Act. (Welf. & Inst. Code, § 6600 et seq.)[1] Under the Act, when someone convicted of specified " '[s]exually violent offense[s]' [including Penal Code section 288, subdivision (a)] . . . *committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person*" (§ 6600, subd. (b), italics added) against two or more victims completes his prison sentence and becomes eligible for parole, the People can petition the trial court to have the convict declared a sexually violent predator if he "has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he . . . will engage in sexually violent criminal behavior." (§ 6600, subd. (a).)

If so, "the person shall be committed for two years to . . . the State Department of Mental Health for appropriate treatment and confinement in a secure facility . . . , and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a new petition for commitment under [the Act] . . . ." (§ 6604.)

---

[1] All further undesignated section references are to the Welfare and Institutions Code.

In 1996, the Legislature added section 6600.1 to the Act.[2] Subdivision (a) of that section states: "If the victim of an underlying offense *that is specified in subdivision (b) of Section 6600* is a child under the age of 14 and the offending act or acts involved substantial sexual conduct, the offense *shall* constitute a 'sexually violent offense' for purposes of Section 6600." (Italics added.)

Respondent Gerald Johannes was convicted of seven counts of violating Penal Code section 288, subdivision (a) (child molestation without force) against multiple victims, and three counts of violating Penal Code section 288.5 (continual sexual abuse).[3] The People petitioned to have Johannes declared a sexually violent predator under the Act. At an initial probable cause hearing required under the Act (§ 6602),[4] the trial court found Johannes's crimes were committed against children under 14 years old and involved substantial sexual conduct, thus satisfying section 6600.1, *but* were *not* "committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person" as required by section 6600, subdivision (b). The trial court held Johannes's crimes must satisfy *both* section 6600, subdivision (b), *and* section 6600.1 to subject him to the Act. Because Johannes's crimes did not satisfy both sections, the trial court dismissed the petition, effectively ordering Johannes to "report to parole." (§ 6602, subd. (a).)

The People sought writ review and a stay of the order. We issued a stay and an alternative writ.[5]

---

[2]The Act was amended twice in 1998. (Stats. 1998, ch. 19 (Sen. Bill No. 536); Stats. 1998, ch. 961 (Sen. Bill No. 1976).) None of the amendments affected the sections of the Act we analyze here. Unless otherwise noted, all references to and quotations from the Act are to the current version.

[3]Penal Code section 288.5 is not a qualifying crime under the Act.

[4]"A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his . . . release. The person named in the petition shall be entitled to assistance of counsel at the probable cause hearing. If the judge determines that there is not probable cause, he or she shall dismiss the petition and any person subject to parole shall report to parole. If the judge determines that there is probable cause, the judge shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted *to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his . . . release* from the jurisdiction of the Department of Corrections or other secure facility." (§ 6602, subd. (a), italics added.)

[5]Where the People petition a trial court to enforce an involuntary *civil* commitment, an order dismissing the petition is a final judgment. While the People may appeal such a dismissal, they alternatively may seek writ review and a temporary stay where the dismissal will result in the release of one potentially dangerous to the public, until the propriety of the dismissal order can be reviewed. (*People* v. *Superior Court (Myers)* (1996) 50 Cal.App.4th

The issue before us is whether someone convicted of specified sexual felonies against two or more children under fourteen years old involving substantial sexual conduct, the threshold required by section 6600.1, *also* must have committed his crimes by force, violence, duress, menace, or fear of immediate, unlawful bodily injury, as required by section 6600, subdivision (b), to be declared a sexually violent predator.

We hold that section 6600.1 modifies section 6600, subdivision (b), and that someone who commits two or more specified sex crimes against children under fourteen years old with substantial sexual conduct is subject to the Act even if his crimes were not committed with force, violence, menace or fear. We issue the writ and order the trial court to vacate its order dismissing the petition, thus reinstating the petition.

## BACKGROUND

The Department of Corrections refers inmates approaching sentence completion, or whose paroles have been revoked, for evaluation to see if they fall under the Act. In addition to the requirement that the prisoner have suffered the qualifying prior convictions (§§ 6600, subds. (a), (b), 6600.1), the referral requires evaluations by at least two licensed psychologists and/or psychiatrists, at least two of whom must agree that the inmate is a sexually violent predator as defined in the Act. If so, and if the department agrees the person is a sexually violent predator, the department refers the case to the county counsel or district attorney, depending on which agency is designated to handle such referrals by the county's board of supervisors. If the agency

---

826, 833-835 [58 Cal.Rptr.2d 32] [so holding regarding Mentally Disordered Offender Law (Pen. Code, § 2960 et seq.)].)

However, *Myers* notes that in *criminal* proceedings, the People's right to appeal is limited to situations listed in Penal Code section 1238, which does not include dismissal of section 6600 petitions. (*People* v. *Superior Court (Myers)*, *supra*, 50 Cal.App.4th at pp. 833-834.) *Myers* suggests without deciding that the People could not seek writ review of the dismissal of a criminal proceeding which they were barred from appealing. (Cf. *People* v. *Superior Court (Blakely)* (1997) 60 Cal.App.4th 202, 209, fn. 7 [70 Cal.Rptr.2d 388] [permitting the People to seek writ review of the trial court's dismissal of a petition to extend the commitment of a defendant found not guilty by reason of insanity under Penal Code section 1026 et seq.].)

In *Kansas* v. *Hendricks* (1997) 521 U.S. 346 [117 S.Ct. 2072, 138 L.Ed.2d 501], the Supreme Court held Kansas's similar Sexually Violent Predator Act was civil, not criminal, and did not violate substantive due process, ex post facto, or double jeopardy prohibitions. Recently, the California Supreme Court upheld the California Act, finding it constituted involuntary civil committment and rejecting due process, equal protection, and ex post facto constitutional challenges. (*Hubbart* v. *Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584].)

Thus, the People were entitled to seek writ review. (*People* v. *Superior Court (Howard)* (1999) 70 Cal.App.4th 136, 147 [82 Cal.Rptr.2d 481].) In any event, Johannes does not challenge the People's right to seek writ review.

agrees the person is a sexually violent predator, it files a petition. (§ 6601.)[6] If the trial court finds "there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his . . . release" (§ 6602, subd. (a)), the person remains in custody and may be placed in a secure state hospital setting.[7] (§ 6602.5.) One against whom a petition is filed has rights to appointed counsel if indigent and, upon request, a jury trial requiring a unanimous verdict. (§ 6603.) Strict time requirements limit the time during which the person may be held beyond his parole eligibility date and require quick probable cause hearings and trials. (§§ 6601-6602.5.)[8] The People must prove the person is a sexually violent predator beyond a reasonable doubt. (§ 6604; *Hubbart* v. *Superior Court, supra*, 19 Cal.4th at pp. 1143-1149.)

According to the reports attached to the petition, Johannes lured his victims (ages 10 through 13) to his home by inviting them to gather there during school hours. He provided free video games and a swimming pool. Johannes touched the boys outside and inside their clothing. He had them touch his penis and at least one boy reported that Johannes had an erect penis during one incident. In this writ proceeding, the parties do not dispute these facts or the trial court's finding that Johannes's convictions involved substantial sexual conduct with children under 14 years old (§ 6600.1), but did not involve force or violence (§ 6600, subd. (b)).[9]

## DISCUSSION

■ The issue before us is one of statutory construction: does section 6600.1 modify section 6600, subdivision (b)? If so, as the People argue, then qualifying convictions, including Penal Code section 288, subdivision (a), could involve *either* victims under 14 years old with substantial sexual conduct (§ 6600.1) *or* the use of force or violence against victims of any age (§ 6600, subd. (b)). The People argue they must show *only* that Johannes (1) committed an act on a child under the age of 14 years, and (2) the act involved "substantial sexual conduct" (e.g., masturbation) (§ 6600.1), and

[6]See *People* v. *Superior Court (Whitley)* (1999) 68 Cal.App.4th 1383 [81 Cal.Rptr.2d 189] and *Terhune* v. *Superior Court* (1998) 65 Cal.App.4th 864 [76 Cal.Rptr.2d 841], which describe proper procedures for timely initiating the evaluation and petition filing.

[7]Hearsay contained in specified documents is admissible at the probable cause hearing to prove the existence of qualifying prior convictions. (*People* v. *Superior Court (Howard), supra,* 70 Cal.App.4th at pp. 152-155.)

[8]See *People* v. *Superior Court (Donelson)** (Cal.App.) (proper for Department of Corrections to issue a hold, keeping prisoner in custody beyond his parole date, to permit completion of evaluation under the Act.)

[9]In his return, Johannes asks us to strike certain portions of the petition he claims are irrelevant and incorrect. Because they are irrelevant to the issue before us, we decline to do so. Such challenges may be raised in the trial court.

*Reporter's Note: Opinion (G023889) deleted upon direction of Supreme Court by order dated April 21, 1999.

they need *not* show Johannes used force, violence, duress, menace or fear of immediate and unlawful bodily injury.

If, however, as Johannes argues and the trial court found, section 6600.1 does not modify section 6600, subdivision (b), then to qualify under the Act, any conviction would have to involve force or violence, including those involving victims under 14 years old with substantial sexual conduct. Johannes contends the People must prove he molested children under 14 years old by force, violence, duress, menace or fear of immediate and unlawful bodily injury.

The rules governing our interpretation of the statutes are well established and need not be repeated here. (*Kansas* v. *Hendricks, supra,* 521 U.S. 346; *People* v. *Snook* (1997) 16 Cal.4th 1210, 1215, 1216-1217, 1219 [69 Cal.Rptr.2d 615, 947 P.2d 808]; *People* v. *Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087]; *State of South Dakota* v. *Brown* (1978) 20 Cal.3d 765, 776-777 [144 Cal.Rptr. 758, 576 P.2d 473]; *People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1]; *Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238-1240 [8 Cal.Rptr.2d 298]; *Sutco Construction Co.* v. *Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 36(2), p. 45.)

We begin by setting out the relevant statutory scheme, including the Act's definition of key terms. " 'Sexually violent predator' means a person *who has been convicted of a sexually violent offense against two or more victims for which he . . . received a determinate sentence* and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior. [¶] . . . [¶] Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but *shall not be the sole basis* for the determination. . . . Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he . . . will engage in sexually violent criminal behavior." (§ 6600, subd. (a), italics added.)

" 'Sexually violent offense' means the following acts *when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily*

*injury on the victim or another person* and . . . result in a conviction . . . as provided in subdivision (a): a felony violation of . . . subdivision (a) or (b) of Section 288 . . . ." (§ 6600, subd. (b), italics added.)

" 'Diagnosed mental disorder' includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600, subd. (c).)

" 'Danger to the health and safety of others' does not require proof of a recent overt act while the offender is in custody." (§ 6600, subd. (d).)

" 'Predatory' means an act is directed toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization." (§ 6600, subd. (e).)

" 'Recent overt act' means any criminal act that manifests a likelihood that the actor may engage in sexually violent predatory criminal behavior." (§ 6600, subd. (f).)

Our main task is to reconcile section 6600, subdivision (b), read in its context, with section 6600.1, which states: "(a) If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is *a child under the age of 14 and the offending act or acts involved substantial sexual conduct,* the offense *shall* constitute a 'sexually violent offense' for purposes of Section 6600. [¶] (b) 'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or *masturbation* of either the victim or the offender." (Italics added.)

Johannes was convicted of violating Penal Code section 288, subdivision (a), which does not require that the molestation involve force, fear, or duress: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."[10]

The Act's uncodified purpose clause states: " 'The Legislature finds and declares that a small but extremely dangerous group of sexually violent

---

[10]In contrast, subdivision (b)(1) of Penal Code section 288 adds the additional element of "force, violence, duress, menace, or fear of immediate and unlawful bodily injury[.]" Obviously such prior convictions would qualify under section 6600, subdivision (b).

predators that have diagnosable mental disorders can be identified while they are incarcerated. These persons are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of sexual violence. The Legislature further finds and declares that it is in the interest of society to identify these individuals prior to the expiration of their terms of imprisonment. It is the intent of the Legislature that once identified, these individuals, if found to be likely to commit acts of sexually violent criminal behavior beyond a reasonable doubt, be confined and treated until such time that it can be determined that they no longer present a threat to society. [¶] The Legislature further finds and declares that while these individuals have been duly punished for their criminal acts, they are, if adjudicated sexually violent predators, a continuing threat to society. The continuing danger posed by these individuals and the continuing basis for their judicial commitment is a currently diagnosed mental disorder which predisposes them to engage in sexually violent criminal behavior. It is the intent of the Legislature that these individuals be committed and treated for their disorders only as long as the disorders persist and not for any punitive purposes.' (Stats. 1995, ch. 763, § 1.)" (*In re Parker* (1998) 60 Cal.App.4th 1453, 1456 [71 Cal.Rptr.2d 167]; *Hubbart* v. *Superior Court, supra,* 19 Cal.4th at p. 1144, fn. 5.)

A facial reading of sections 6600, subdivision (b) and 6600.1 supports the People's interpretation. Section 6600, subdivision (b) requires *all* qualifying felony convictions to have been committed with force or violence. The section specifically includes Penal Code section 288, subdivision (a), which is the *nonforcible* sexual molestation of children under 14 years old. Before the Legislature added section 6600.1, a conviction for Penal Code section 288, subdivision (a) *must* have been committed by force or violence to satisfy section 6600, subdivision (b). If the Legislature intended to preserve that requirement, which is Johannes's suggested interpretation, it would have had no reason to add section 6600.1. Thus, the Legislature must have added section 6600.1 to exempt nonforcible felony child molestation under Penal Code section 288, subdivision (a), from the general requirement under section 6600, subdivision (b) that *all* qualifying convictions must have been committed with force or violence. Johannes's suggested interpretation would make section 6600.1 entirely surplusage. We cannot interpret the statutes in a way that renders one of them entirely unnecessary surplusage. (*State of South Dakota* v. *Brown, supra,* 20 Cal.3d at pp. 776-777.)

This reading of the two statutes is reinforced by the facial language of section 6600.1, which states that any offense listed in section 6600, subdivision (b) *shall* constitute a sexually violent offense if committed against

children under 14 years old with substantial sexual conduct, expressly omitting the general force or violence requirement remaining in section 6600, subdivision (b). Therefore, we conclude the statutes' facial language compels us to accept the People's interpretation and reject Johannes's. (*People* v. *Superior Court* (*Howard*), *supra*, 70 Cal.App.4th at pp. 150-151.)

Section 6600.1's legislative history supports this conclusion. The Legislature added section 6600.1, Statutes 1996, chapter 461, section 3 (Sen. Bill No. 2161 (1995-1996 Reg. Sess.)). The analysis of the Senate Committee on Criminal Procedure regarding the bill states its key issue thus: "SHOULD THE DEFINITION OF 'SEXUALLY VIOLENT PREDATOR' BE EXPANDED TO INCLUDE SPECIFIED *NONVIOLENT* SEXUAL OFFENSES ON A VICTIM UNDER THE AGE OF 14?" (Sen. Com. on Crim. Proc., Analysis of Sen. Bill No. 2161 (1995-1996 Reg. Sess.) as amended Aug. 28, 1996, at p. 3, italics added.) The committee's analysis states: "This bill would additionally expand the definition of a 'sexually violent predator' to include any offense listed in the existing definition, *whether or not violent*, when the victim is a child under the age of 14 and the act or acts involve substantial sexual conduct." (*Id.* at p. 5, italics added.) Later, the analysis states: "This bill is the result of a case in Contra Costa County in which a judge determined that the sexually violent predator statute did not apply to a three-time convicted child molester who committed *nonviolent offenses*. The statute specifically applies to violent offenses." (*Ibid.*, italics added.)

Contrary to Johannes's claim, other portions of section 6600.1's legislative history also support rather than contradict our conclusion. The Senate Rules Committee's analysis states: "[E]xisting law defines a 'sexually violent offense' as one of specified sex offenses committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury upon the victim or another person. [¶] This bill would add specified sex offenses upon a child under the age of 14 years to that list of offenses." (Sen. Rules Com., Analysis of Sen. Bill No. 2161 (1995-1996 Reg. Sess.) as amended Aug. 28, 1996.) The Legislative Counsel's Digest for the bill uses identical language to describe the purpose of section 6600.1, as well as quoting the proposed section verbatim. The Assembly Public Safety Committee's analysis does not mention the change or the proposed section 6600.1, discussing only other statutes affected by the bill. This omission is consistent with the statutory language and the other portions of section 6600.1's legislative history, and does not create ambiguity.

Thus, the statutes' facial meaning and their legislative history unambiguously compel us to accept the People's suggested interpretation. Likewise, the rules of statutory construction compel this conclusion.[11]

■ Finally, we reject Johannes's claim that our reading of sections 6600, subdivision (b) and 6600.1 violates due process. Without citation to relevant authority, Johannes claims that such a reading, by expanding the class of those eligible to be declared sexually violent predators to include nonviolent felony child molesters, would be contrary to the Legislature's purpose in enacting the Act. Johannes argues that because the Act impairs his fundamental liberty interest, it must withstand the strict scrutiny test. Including nonviolent repeat felony child molesters under the Act would force it to fail that test.

First, we think the danger to children from recidivism among nonviolent repeat felony child molesters who currently have diagnosed mental disorders rendering them likely to repeat such conduct if released is as fundamental an interest as the similar danger from those who commit identical crimes with force and violence. Obviously, the Legislature reached the same conclusion in amending the Act to add section 6600.1. Moreover, even the original Act noted it was designed to protect society from those "predispose[d] . . . to the commission of criminal sexual acts" (§ 6600, subd. (c)), without using the phrase "*violent* criminal sexual acts." The statute is sufficiently narrowly drawn to pass muster.

Second, both the United States and California Supreme Courts already have affirmed a similar statute and the California Act against similar challenges. (*Kansas* v. *Hendricks, supra,* 521 U.S. 346; *Hubbart* v. *Superior Court, supra,* 19 Cal.4th at pp. 1151-1167.) Likewise, other California laws permitting the continued detention of prisoners in secure treatment facilities have been upheld against similar challenges. (See the cases cited in fn. 5,

---

[11]Compare *People* v. *Anzalone* (1999) 19 Cal.4th 1074 [81 Cal.Rptr.2d 315, 969 P.2d 160] (under Mentally Disordered Offender Act (MDO Act) (Pen. Code, § 2960 et seq.) prior conviction for second degree unarmed robbery without use of force or violence does not qualify one for postsentence involuntary civil committment because MDO Act requires force, violence, or serious bodily injury).

A recent case, while holding defendants pleading guilty to sex crimes which later might subject them to the Act need not be advised of that possibility, suggests without deciding that Penal Code section 288, subdivision (a) convictions might not constitute qualifying prior convictions. (*People* v. *Moore* (1998) 69 Cal.App.4th 626, 631-632 [81 Cal.Rptr.2d 658].) *Moore* did not discuss section 6600.1. To the extent of its suggestion, we disagree with *Moore.*

*ante*, and *People* v. *Robinson* (1998) 63 Cal.App.4th 348 [74 Cal.Rptr.2d 52].)[12]

We conclude that section 6600.1 modifies section 6600, subdivision (b). One who commits two or more specified sex crimes including substantial sexual conduct against children under fourteen years of age is subject to the Act even if his crimes were not committed with force, violence, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

## DISPOSITION

We issue the writ and order the trial court court to vacate its order dismissing the petition, thus reinstating the petition.

Vogel (Miriam A.), J., and Masterson, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 16, 1999.

---

[12]For a discussion of *Hendricks* and the many statutes permitting postsentence civil commitment of prisoners with mental illnesses who are dangers to repeat their offenses if released, see Gould, *If It's a Duck and Dangerous—Permanently Clip Its Wings or Treat It Till It Can Fly: A Therapeutic Perspective on Difficult Decisions, Short-Sighted Solutions and Violent Sexual Predators After Kansas v. Hendricks* (1998) 31 Loyola L.A. L.Rev. 859; Klein, *Colloquium Remarks* (1998) 31 Loyola L.A. L.Rev. 883; and Faerstein, *Sexually Dangerous Predators and Post-Prison Commitment Laws* (1998) 31 Loyola L.A. L.Rev. 895.