[No. D041020. Fourth Dist., Div. One. Nov. 19, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY LEE WHITLOCK, Defendant and Appellant.

458

**COUNSEL**

Chris Truax, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, William M. Wood and Holly D. Wilkens, Deputy Attorneys General, for Plaintiff and Respondent.

Oᴘɪɴɪᴏɴ

**HUFFMAN, Acting P. J.**—Following a court trial, Anthony Lee Whitlock was adjudged to be a sexually violent predator (SVP) within the meaning of Welfare and Institutions Code sections 6600 et seq.[1], the Sexually Violent Predators Act (SVPA). The trial court ordered Whitlock committed to the custody of the Department of Mental Health for a period of two years.

Whitlock appeals, contending he is not an SVP because he did not have the requisite qualifying prior convictions.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2001, the District Attorney of San Diego County filed a petition to have Whitlock committed to the Department of Mental Health for a two-year period under the SVPA because he had been convicted of a sexually violent offense against two victims, and, as a result of a mental disorder, it was likely he would again engage in sexually violent criminal behavior, thereby making him a danger to the health and safety of others.

The petition alleged that on April 27, 1989, Whitlock had pled guilty to committing a lewd and lascivious act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)) and was sentenced to prison for six years. According to the probation report for this case, Whitlock sat down on the bed next to the victim, a 10-year-old girl who was lying down, and asked her to spread her legs. The victim, who was wearing shorts, refused to do so, and Whitlock placed one of his fingers between her legs and began stroking her right thigh. Whitlock worked his hands up into the right leg of the shorts, near the girl's vagina. Whitlock asked the girl to hug him, but she refused. Whitlock placed his other arm around her and pulled her closer to him. Whitlock continued to rub the area around the girl's vagina and eventually worked his hand into her vagina and rubbed it. The victim protested that the rubbing of the vagina was causing her pain, but Whitlock continued and began kissing the girl's neck. After about 15 minutes, Whitlock stopped. Whitlock told the girl not to tell her mother what had happened and asked her to promise not to do so.

The petition also alleged that on April 26, 1994, Whitlock pled guilty to committing a lewd and lascivious act upon a child under the age of 14 and was sentenced to prison for eight years. According to the probation report in the case, Whitlock invited a five-year-old girl to his apartment to watch a

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Superman video. Whitlock asked the girl to sit on his lap and she complied. Whitlock began "touching her vagina over her clothing with his hand."

The five-old-girl told her mother that she was not supposed to tell her about the incident because it was a secret. Whitlock acknowledged that the girl sat on his lap but denied molesting her. Whitlock said he had forgotten it was a condition of his probation not to be alone with children. Whitlock later told a psychologist who evaluated him that he intentionally placed his hand over the child's vaginal area and rubbed the area over the girl's clothing.

Whitlock was diagnosed as suffering from pedophilia, alcohol dependence and post-traumatic stress syndrome by three evaluating psychologists. These psychologists opined that Whitlock was an SVP within the meaning of the SVPA. These psychologists reported that, according to Whitlock's score on the STATIC 99 test, there was a 52 percent likelihood of his re-offending within the next 15 years.

The defense presented an evaluation by another psychologist who opined that Whitlock did not have a diagnosable mental disorder within the meaning of the SVPA that would make him a menace to the health and safety of others. The defense expert also concluded Whitlock was unlikely to re-offend as a result of a mental disorder.

The trial court found beyond a reasonable doubt that (1)Whitlock met the criteria for commitment under section 6600, subdivision (a), and (2) Whitlock was likely to commit sexually violent predator behavior upon release.

## DISCUSSION

### I.

#### Overview of the SVPA

■ The SVPA provides for the continued confinement (in the custody of the Department of Mental Health) of a person identified as an SVP before the completion of his or her prison or parole revocation term. An SVP is "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a)(1).) A "sexually violent offense" within the meaning of SVPA includes eight enumerated sex crimes "committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another

person." (§ 6600, subd. (b).)[2] Additionally, "[i]f the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14 and the offending act or acts involved substantial sexual conduct, the offense shall constitute a 'sexually violent offense' for purposes of Section 6600." (§ 6600.1, subd. (a).)[3] Thus, under the SVPA, when the victim is under 14 years old, a "sexually violent offense" either has to involve the use of force, violence, duress, menace or fear of immediate and unlawful bodily injury, *or* involve "substantial sexual conduct." (See *People v. Superior Court* (*Johannes*) (1999) 70 Cal.App.4th 558, 563–568 [82 Cal.Rptr.2d 852].)

As we explained in *People v. Chambless* (1999) 74 Cal.App.4th 773, 777–778 [88 Cal.Rptr.2d 444] (*Chambless*), the procedure under the SVPA begins when the Department of Corrections "determines the inmate approaching sentence completion may be an SVP [and] refers him or her for evaluation to see if the inmate falls under the [SVPA]. (§ 6601, subds. (a), (b), (c) & (d).) When the evaluation reveals the inmate has suffered the required qualifying prior convictions (§§ 6600, subds. (a) & (b), 6600.1) and two licensed psychologists and/or psychiatrists agree the inmate 'has a diagnosed mental disorder such that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody,' the [Department of Mental Health] transmits a request for a petition for commitment under the [SVPA] to the county in which the alleged SVP was last convicted, with copies of the evaluation reports and other supporting documents. (§ 6601, subds. (d), (h) & (i).) If a designated county's attorney concurs in the request, a petition for commitment is filed in that county's superior court. (§ 6601, subd. (i).) [¶] Once filed, the superior court holds a hearing to determine whether there is 'probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release.' (§ 6602.) If such is found, the judge 'shall' order that a trial be conducted 'to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release . . . .' (§ 6602.)" (Fns. omitted.)

---

[2] These crimes are: rape of a nonspouse (Pen. Code, § 261, subd. (a)(2)); rape of a spouse (Pen. Code, § 262, subd. (a)(1)); rape in concert (Pen. Code, § 264.1); sodomy (Pen. Code, § 286); lewd and lascivious acts upon a child under age 14 (Pen. Code, § 288, subds. (a) & (b)); oral copulation (Pen. Code, § 288a); and sexual penetration by a foreign object (Pen. Code, § 289, subd. (a)). (§ 6600, subd. (b); *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1145 [81 Cal.Rptr.2d 492, 969 P.2d 584].)

[3] "Substantial sexual conduct" is defined as "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any other foreign object, oral copulation, or masturbation of either the victim or the offender." (§ 6600.1, subd. (b).)

## II.

### Does the 1994 Conviction Qualify as a "Sexually Violent Offense" for SVPA Purposes?

Whitlock contends his 1994 conviction for Penal Code section 288, subdivision (a), involving the five-year-old victim was not a sexually violent offense within the meaning of the SVPA because there was no skin-to-skin contact and hence did not entail "substantial sexual conduct." The contention is without merit.

■ The SVPA provides that an SVP's prior conviction of one of the sex crimes listed in section 6600, subdivision (b) (see *ante*, fn. 2) where the victim is under the age of 14 qualifies as prior sexually violent offense if the offense involved "substantial sexual conduct." (§ 6600.1, subd. (a).) Under section 6600.1, subdivision (b), masturbation of the victim or the offender is included in the SVPA's definition of "substantial sexual conduct." (See *ante*, fn. 3.)

As we pointed out in *Chambless*, California statutory law does not provide a formal legal definition of masturbation. (*People v. Chambless, supra*, 74 Cal.App.4th at p. 784.) "Rather, such word appears to have been used simply in its commonly understood meaning to describe the touching of one's own or another's private parts without quantitative requirement for purposes of defining conduct that was lewd or sexually motivated." (*Ibid.*, fn. omitted.)

To ascertain the common meaning of a word, "a court typically looks to dictionaries." (*Consumer Advocacy Group Inc. v. Exxon Mobil Corp.* (2002) 104 Cal.App.4th 438, 444 [128 Cal.Rptr.2d 454].) Turning to Merriam-Webster's Collegiate Dictionary, masturbation is defined as "erotic stimulation of the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse, by instrumental manipulation, occas[ionally] by sexual fantasies, or by various combinations of these agencies." (Webster's 9th New Collegiate Dict. (1988) p. 732; see also *People v. Chambless, supra*, 74 Cal.App.4th at p. 784, fn. 16 [dictionaries' definitions of masturbation].)

In *Chambless, supra*, after considering common dictionary definitions and basic rules of statutory construction, we concluded that the definition of masturbation "encompasses any touching or contact, however slight, of the genitals of either the victim or the offender, with the requisite intent." (*People v. Chambless, supra*, 74 Cal.App.4th at pp. 783–787.) In other words, masturbation describes "any act of genital touching." (*Id.* at p. 785.)

Whitlock claims his conduct with the five-year-old girl was not masturbation within the meaning of the SVPA because he did not directly touch or contact the girl's vagina. " 'Contact' with clothing is not 'contact' with a sexual organ as the word 'contact' is normally understood, " Whitlock argues. We disagree.

█ Neither *Chambless* nor the SVPA requires the touching or contact of bare skin. *Chambless* repeatedly refers to masturbation as *any* genital touching. (*People v. Chambless, supra,* 74 Cal.App.4th at pp. 783, 786, 787 ["however slight"].) The focus is not on the amount of the contact but rather whether genital contact was made. (*Id.* at p. 786.) Whether the genital touching occurs over clothing is not determinative. Masturbation as it is defined in *Chambless* and is commonly understood can occur under clothing and over clothing.

Moreover, Whitlock's argument that there is no legal authority that substantial sexual conduct within the meaning of the SVPA can be established when the contact between the offender and the victim occurs through clothing is not persuasive. The lack of case law on this point may simply indicate that the question has not come up before in this particular context.

Further, Whitlock is mistaken when he argues that without a skin-to-skin requirement, it will be deemed masturbation and therefore "substantial sexual conduct" within the meaning of the SVPA whenever a child victim sits on a perpetrator's lap and there is inappropriate touching. To the contrary, if, for example, a perpetrator inappropriately but not forcefully rubs the chest of a child sitting on his or her lap, the perpetrator may very well be guilty of lewd and lascivious acts on a child under 14, but a conviction of that offense under those facts would not be a qualifying conviction under the SVPA because it did not involve masturbation or any other "substantial sexual conduct." It bears repeating that masturbation, as the term is explained in *Chambless* and is commonly understood, requires the inappropriate contact to involve a genital touching. Thus, contrary to Whitlock's argument, not all prior convictions of Penal Code section 288, subdivision (a) will be qualifying prior convictions under the SVPA if there is no skin-to-skin requirement. (See *People v. Chambless, supra,* 74 Cal.App.4th at pp. 785–786.)

We also find Whitlock's skin-to-skin requirement would be contrary to the "Legislature's express intent to provide additional protection under the [SVPA] for underage children from those 'predispose[d] . . . to the commission of criminal sexual acts.' [Citations.]" (*People v. Chambless, supra,* 74 Cal.App.4th at p. 787.) Children are particularly vulnerable to sex offenders. Requiring skin-to-skin contact for qualifying prior convictions would not advance the Legislature's purpose of protecting children.

We conclude that "masturbation" as it is used in the SVPA can occur when a person's genitals are touched from outside the person's clothes. Skin-to-skin contact is not required.

Was there substantial evidence that Whitlock's 1994 conviction involved "substantial sexual conduct" within the meaning of the SVPA to support the court's finding that he previously committed a sexually violent offense against the victim?

■ We review the record in the light most favorable to the determination below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could reach that determination beyond a reasonable doubt. (*People v. Mercer* (1999) 70 Cal.App.4th 463, 465–467 [82 Cal.Rptr.2d 723]; § 6604.)

■ We find substantial evidence supported the trial court's finding of "substantial sexual conduct" in relation to the 1994 prior conviction of Penal Code section 288, subdivision (a). The five-year-old victim reported that Whitlock had touched her in the "crotch" on the outside of her clothing while she was sitting on his lap. The girl used "crotch" to refer to her vaginal area. The girl did not provide further details, but she made it clear to the police officer who interviewed her that the touching was not accidental. Further, Whitlock told an evaluating psychologist he intentionally placed his hand over the child's vaginal area and rubbed this area. Finally, Whitlock's instructing the five-year-old girl not to tell anyone what had happened and keep it a secret was circumstantial evidence that he had the requisite sexual intent. In sum, there was ample evidence that Whitlock's 1994 conviction of Penal Code section 288, subdivision (a), involved masturbation and was a qualifying prior conviction under the SVPA.

## DISPOSITION

Order affirmed.

McDonald, J., and Aaron, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 17, 2004.