[No. F045372. Fifth Dist. June 2, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES WHITNEY, Defendant and Appellant.

COUNSEL

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, John G. McLean and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ARDAIZ, P. J.**—James Whitney appeals from an order committing him to the state Department of Mental Health (DMH) for two years as a sexually violent predator (SVP), pursuant to Welfare and Institutions Code section 6600 et seq.[1] He contends the trial court erred by finding that his Texas convictions constituted convictions for a "sexually violent offense" within the meaning of the SVP Act. For the reasons which follow, we will affirm.

## FACTS AND PROCEDURAL HISTORY

On October 7, 1992, Bakersfield police officers responded to a report about three hitchhikers, and discovered Whitney with two boys, 12-year-old Jonathan M. and 13-year-old James K. The ensuing investigation revealed that the boys had run away from a foster home placement the day before and

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

had met Whitney that night. The three spent the night in some bushes along the freeway; during that time, Whitney asked each of them to take off their clothing so he could give them a massage. According to James, Whitney said he wanted to give him a massage whether James wanted it or not. James related that Whitney had him undress, then rubbed his genital area as well as other parts of his body. As a result, on January 26, 1993, Whitney was convicted in Kern County of committing a lewd or lascivious act on James in violation of Penal Code section 288, subdivision (a). Originally placed on three years' probation with jail time, he violated various terms of his probation and at some point left the state.

In 1997, Whitney was living in Texas with his girlfriend and her twin sons, nine-year-old Spencer and Allen H. Both boys related that Whitney played a kissing game with them and fondled their genitals. As a result, on September 12, 1997, Whitney pled guilty or nolo contendere in Franklin County, Texas, to committing two counts of indecency with a child in violation of Texas Penal Code section 21.11, subdivision (a)(1). Following completion of his prison term in that case, Whitney was extradited from Texas to Kern County and, on December 12, 2002, sentenced to three years in prison for the James K. offense.

On or about January 9, 2004, the Kern County District Attorney filed the instant SVP commitment petition. Attached were reports of evaluations performed for DMH by Drs. Malinek and Goldberg, both of whom concluded that Whitney met the SVP criteria. In conjunction with both evaluations, Whitney acknowledged stroking James's genitals and orally copulating him, and admitted molesting Spencer and Allen. Both sides waived their right to a jury trial and agreed to submit the matter to the court based on the doctors' reports and other exhibits. Following extensive argument concerning whether Whitney's Texas convictions qualified as convictions for sexually violent offenses under the SVP Act, the trial court found that Whitney was an SVP, a danger to others, and likely to act as an SVP in the future. Accordingly, it ordered him committed to DMH for two years. Whitney filed a timely notice of appeal.

## DISCUSSION

Whitney's sole contention on appeal is that the trial court erred by finding that Whitney's Texas convictions constituted sexually violent offenses within the meaning of the SVP Act. He says that because Texas Penal Code section 21.11, subdivision (a)(1), applies to improper sexual conduct with a child

under the age of 17, a conviction under that statute does not qualify under the SVP Act because the corresponding California statute—Penal Code section 288, subdivision (a)—applies only to improper sexual conduct with children under the age of 14, and the trial court may not go beyond the elements of a foreign conviction.

■ "The California SVP Act permits the state to commit a criminal defendant to the custody of the State Department of Mental Health for two years of treatment, rather than release him upon the completion of his prison sentence, if the state can prove the defendant qualifies as a sexually violent predator. [Citation.] When the SVP Act was enacted in October 1995, the Legislature stated its intent as follows: 'The Legislature finds and declares that a small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders can be identified while they are incarcerated. These persons are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of sexual violence. The Legislature further finds and declares that it is in the interest of society to identify these individuals prior to the expiration of their terms of imprisonment. It is the intent of the Legislature that once identified, these individuals, if found to be likely to commit acts of sexually violent criminal behavior beyond a reasonable doubt, be confined and treated until such time that it can be determined that they no longer present a threat to society.' [Citations.]" (*People v. Superior Court (Howard)* (1999) 70 Cal.App.4th 136, 148 [82 Cal.Rptr.2d 481] (*Howard*).)

■ The requirements for classification as an SVP are contained in section 6600 and related provisions. Under the statutory scheme, " '[s]exually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (*Id.,* subd. (a)(1).)[2] A "sexually violent offense" refers to various enumerated sex crimes, including the violation of Penal Code section 288, subdivision (a), "when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (§ 6600, subd. (b).) Alternatively, if the victim of an underlying enumerated offense "is a child under the age of 14 and the offending act or acts involved substantial sexual conduct," the offense constitutes a "sexually violent offense" for purposes of section 6600. (§ 6600.1, subd. (a).) Thus, pursuant to section

---

[2] As Whitney notes, he has not contested the issue of whether he has a diagnosed mental disorder which makes it likely he will engage in sexually violent criminal behavior.

6600.1's modification of section 6600, subdivision (b), someone who has committed two or more specified sex crimes involving substantial sexual conduct against children under the age of 14 is subject to the SVP Act even if his or her crimes were not committed with force, violence, menace, or fear. (*People v. Superior Court (Johannes)* (1999) 70 Cal.App.4th 558, 562 [82 Cal.Rptr.2d 852].) " 'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (§ 6600.1, subd. (b).) ■ For these purposes, "masturbation" "encompasses any touching or contact, however slight, of the genitals of either the victim or the offender, with the requisite intent . . . ." (*People v. Chambless* (1999) 74 Cal.App.4th 773, 783 [88 Cal.Rptr.2d 444].) "Whether the genital touching occurs over clothing is not determinative" (*People v. Whitlock* (2003) 113 Cal.App.4th 456, 463 [6 Cal.Rptr.3d 389]); "[s]kin-to-skin contact is not required." (*People v. Lopez* (2004) 123 Cal.App.4th 1306, 1312 [20 Cal.Rptr.3d 801].)

■ For purposes of the SVP Act, a conviction for a sexually violent offense includes "[a] prior conviction in another jurisdiction for an offense that includes all of the elements of an offense described in subdivision (b)." (§ 6600, subd. (a)(2)(C).) At the time of Whitney's Texas offenses, Texas Penal Code section 21.11—indecency with a child—provided, in pertinent part: "(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he [¶] (1) engages in sexual conduct with the child . . . ."[3] ■ Under Texas law, "[t]he elements of the offense of indecency with a child are that the accused 1) knowingly or intentionally; 2) engages in sexual contact; 3) with a child; 4) younger than seventeen years of age; 5) who was not the spouse of the accused. [Citation.] Sexual contact is defined as any touching of any part of the genitals of another person with intent to arouse and gratify the sexual desire of any person. [Citation.]" (*Guia v. State* (Tex.Ct.App.) 723 S.W.2d 763, 765; see *Gonzales v. State* (Tex.Ct.App.) 4 S.W.3d 406, 412–413.) Whether the touching occurred over clothing is immaterial. (*Guia v. State, supra,* at p. 766.)

■ It is apparent from a comparison of Texas Penal Code section 21.11, subdivision (a)(1) and its nearest California counterpart, Penal Code section 288, subdivision (a), that the only difference of any import lies in the age of

---

[3] We take judicial notice, as did the trial court, of the Texas statute. (Evid. Code, § 459, subd. (a).) The current version of the statute contains a definition of "sexual contact" which essentially codifies existing case law and does not affect our analysis. (See Tex. Pen. Code, § 21.11, subd. (c).)

the victim. California's statute applies only to children under the age of 14, whereas the Texas statute applies to such children but also to children up to age 17. The record—specifically, the mental health evaluations—reflects that Whitney's two victims in Texas were nine years old. The question is whether the trial court properly went beyond the bare elements of the Texas crimes to look to the record to determine that they fell within the SVP Act's definition of sexually violent offenses.

■ Section 6600, subdivision (a)(3) expressly sanctions the use of certain evidence for purposes of establishing a prior conviction under the SVP Act. It provides in part: "The existence of any prior convictions may be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations of the State Department of Mental Health."

■ In *People v. Otto* (2001) 26 Cal.4th 200 [109 Cal.Rptr.2d 327, 26 P.3d 1061] (*Otto*), the California Supreme Court determined that this provision authorizes the use of multiple-level-hearsay statements, that do not otherwise fall within a hearsay exception, in order to show the details of the crime. (*Id.* at p. 208.) The court further determined that reliance on such evidence does not violate a person's due process right to confrontation or to be committed only if the prosecution proves its case by reliable evidence. (*Id.* at pp. 209–215.)

In the context of its discussion of the reliability of victim hearsay statements, the court observed that Otto was convicted, by virtue of his no contest plea, of the crimes to which the statements related. In so pleading, he stated the factual basis for his plea was contained in the police reports; hence, his plea admitted the truth of the victims' statements. (*Otto, supra,* 26 Cal.4th at p. 211.) Otto argued that section 288, subdivision (a) could be violated by any touching committed with lewd intent, and so his no contest plea to that offense admitted only such conduct and not the substantial sexual conduct described in the presentence report which was at issue in the case. The court reviewed the presentence report and found little, if any, innocent touching made culpable solely by lewd intent. (26 Cal.4th at pp. 211–212.) The court went on to observe: "Moreover, taking Otto's argument to its logical conclusion, while Penal Code section 288, subdivision (a) is listed as a predicate offense in the [SVP Act], it would never so qualify when the defendant pled

guilty or no contest prior to the preliminary hearing because the offense may be committed by an otherwise innocuous touching coupled with lewd intent." (*Id.* at p. 212.)

We read the court's comment as meaning that a trial court may go beyond the bare elements of an offense to determine the existence of a prior conviction within the meaning of the SVP Act. This interpretation is confirmed by the Chief Justice's concurrence, which states in part: "As the majority recognizes, no particular form of physical contact is required to constitute a violation of [Penal Code section 288, subdivision (a)]; a conviction is authorized for any and all sexually motivated touching of a child under the age of 14 years. [Citation.] Thus, Penal Code section 288, subdivision (a), does not require that the crime have been accomplished by force, violence, duress, menace, or fear of injury, or that it involved substantial sexual conduct. Therefore, a defendant's violation of this statute does not necessarily establish that he or she committed a sexually violent offense within the meaning of Welfare and Institutions Code section 6600. [¶] Accordingly, in a proceeding under the SVP Act, evidence that the defendant was convicted of violating Penal Code section 288, subdivision (a)—without additional evidence of the circumstances of the crime—does not prove that the defendant has been convicted of a sexually violent offense. Welfare and Institutions Code section 6600, subdivision (a)(3), authorizes the People to prove such circumstances with documentary evidence, including sentencing reports. As established in the majority opinion, this provision also authorizes the admission of hearsay statements contained in these reports to establish the details of the crime." (*Otto, supra,* 26 Cal.4th at p. 216 (conc. opn. of George, C. J.); see also *Howard, supra,* 70 Cal.App.4th at pp. 153–154.)

Whitney acknowledges the holdings in *Otto* and *Howard,* but says they do not apply to foreign convictions. He reasons that under subdivision (a)(2)(C) of section 6600, a foreign conviction constitutes a sexually violent offense only when it "includes all of the elements of an offense described in subdivision (b)" of the statute. He says the only reasonable interpretation of the phrase is that a foreign conviction must contain all of the elements of the corresponding California statute in order for it to qualify as a sexually violent offense. He also contends that one reason for *Otto*'s holding was the court's and Legislature's familiarity with probation and sentencing reports regularly prepared in California, a familiarity that presumably does not exist with respect to documents prepared in other jurisdictions.

We agree that *Otto* does not explicitly address the issue of foreign convictions. Accordingly, we look to the analogous use of foreign prior convictions for purpose of recidivist sentencing. We recognize that recidivist sentencing and civil commitment for treatment are not the same. However, the finding of a prior conviction for enhancement purposes has more pernicious consequences than does such a finding under the SVP Act: under recidivist statutes such as Penal Code sections 667 and 667.5, proof of the prior conviction results in imposition of a longer criminal sentence, whereas under the SVP Act, "the evidence of prior convictions is required as *partial* proof that the defendant has committed sexually violent offenses. [Citation.]" (*Howard, supra*, 70 Cal.App.4th at p. 154.) Thus, if the use of particular evidence is permissible in the context of increased sentencing, it seems logical to permit its use under the SVP Act.

■ The California Supreme Court has held that, in determining the truth of a prior conviction allegation, the trier of fact may look beyond the least adjudicated elements of the offense and instead may consider the entire record of the conviction to determine whether the offense of which the defendant previously was convicted involved conduct which satisfies all the elements of the comparable California felony. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261–262 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150].) This rule applies equally to California and foreign prior convictions. (*People v. Riel* (2000) 22 Cal.4th 1153, 1204–1206 [96 Cal.Rptr.2d 1, 998 P.2d 969]; *People v. Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301]; see *People v. Hayes* (1992) 6 Cal.App.4th 616, 620–624 [7 Cal.Rptr.2d 866].) Thus, "the text of the foreign statute is important in only two situations: (1) where the entire record cannot be examined; and (2) where the court records relied upon fail to establish facts disclosing the substance of the offense actually committed. [Citations.] It is only if the record does not disclose the facts of the offense actually committed that a presumption then arises that the prior conviction was for the least offense punishable. [Citation.]" (*People v. McMahan* (1992) 3 Cal.App.4th 740, 745 [4 Cal.Rptr.2d 708].)

Penal Code section 667.5, subdivision (f), the statute at issue in *People v. Riel, supra*, 22 Cal.4th 1153, defines a prior conviction as including "a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law . . . ." This language is almost identical to that contained in section 6600, subdivision (a)(2)(C). Since foreign prior convictions are treated no differently from California prior convictions for purposes of recidivist enhancement statutes, we see no reason to treat them differently for purposes of the SVP Act. Moreover, given the Legislature's stated intent in enacting the SVP Act, *ante*, it would be illogical to assume that body intended to be more lenient toward

a serial sexual offender simply because his or her prior convictions were committed elsewhere. (See *People v. Butler* (1998) 68 Cal.App.4th 421, 438 [80 Cal.Rptr.2d 357].)

Where a recidivist enhancement statute is at issue, "[c]onsiderations of reasonableness and fairness dictate that a 'record of conviction' include only those documents that reliably reflect the conduct of which a defendant was convicted." (*People v. Houck* (1998) 66 Cal.App.4th 350, 356 [77 Cal.Rptr.2d 837].) The California Supreme Court has "never defined exactly what comprises the record of conviction to which the trier of fact may look to determine whether a prior conviction qualifies" under an enhancement statute. (*People v. Woodell* (1998) 17 Cal.4th 448, 454 [71 Cal.Rptr.2d 241, 950 P.2d 85].) It has held, however, that "[t]he normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction. [Citation.]" (*Id.* at p. 458; see *People v. Reed* (1996) 13 Cal.4th 217, 225, 230–231 [52 Cal.Rptr.2d 106, 914 P.2d 184].)

Psychological evaluations might or might not be part of the record of conviction to which the trier of fact may look in terms of an enhancement alleged under a recidivist statute. For purposes of proceedings under the SVP Act, however, the Legislature has expressly permitted use of evaluations by DMH to establish the conduct underlying commission of an offense. (§ 6600, subd. (a)(3); *Otto, supra,* 26 Cal.4th at p. 209.) In light of the Supreme Court's holding in *Otto,* we conclude the reports of Drs. Malinek and Goldberg properly were used in the present case to establish that the victims of Whitney's Texas offenses were nine years old, and that, accordingly, those convictions constituted convictions for sexually violent offenses within the meaning of the SVP Act.

For the first time in his reply brief, Whitney contends that permitting the prosecution to go beyond the elements of the foreign offense for purposes of the SVP Act, would infringe upon his right of confrontation. As a general proposition, points raised for the first time in a reply brief will not be considered unless good reason is shown for failure to present them earlier. (*People v. Adams* (1990) 216 Cal.App.3d 1431, 1441, fn. 2 [265 Cal.Rptr. 568]; *People v. Jackson* (1981) 121 Cal.App.3d 862, 873 [176 Cal.Rptr. 166].) Although Whitney has not attempted to show any reason here, we will address the issue.

A proceeding under the SVP Act is civil in nature. (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1142, 1171–1172 [81 Cal.Rptr.2d 492, 969 P.2d 584].) "There is no right to confrontation under the state and federal confrontation clause in civil proceedings, but such a right does exist under the due process clause. [Citation.]" (*Otto, supra,* 26 Cal.4th at p. 214.)

In *Otto*, the state Supreme Court found no due process violation. (*Id.* at pp. 209–215.) More specifically, it determined that reliance on victims' hearsay statements (in that case, contained in a presentence report) did not deny Otto any right of confrontation, as Otto had the opportunity to cross-examine any prosecution witness who testified, as well as the opportunity to confront the victims or other percipient witnesses at the time the underlying charges were filed. (*Id.* at p. 214.)

Whitney contends that *Otto* was incorrectly decided. We are, of course, bound to follow it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Moreover, we reject the notion that, at least under the circumstance of the present case, *Otto*'s reasoning is adversely affected by *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] (*Crawford*).

 In *Crawford*, the United States Supreme Court held that under the Sixth Amendment, "[t]estimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (*Crawford, supra,* 541 U.S. at p. 59, fn. omitted.) In so holding, the court overruled *Ohio v. Roberts* (1980) 448 U.S. 56 [65 L.Ed.2d 597, 100 S.Ct. 2531], to the extent that case permitted admission of testimonial hearsay upon a showing the statement had particularized guarantees of trustworthiness. Although the *Crawford* court declined to define "testimonial," it held the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." (*Crawford, supra,* at p. 68.)

Assuming without deciding that *Crawford* applies, we find *Crawford*'s concerns addressed here. Whitney admitted the Texas conduct to the DMH evaluators. He made no attempt to dispute his admissions. (See *People v. Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662].) In addition, he was afforded the opportunity, at the probable cause hearing, to question the doctors on the contents of their reports, and indeed, the doctors testified concerning Whitney's admissions of the Texas molestations. There is nothing in the record to suggest Whitney could not also have questioned the experts at trial or testified himself; instead, he chose to submit the matter on the reports. (See *People v. Williams* (2003) 31 Cal.4th 757, 761–762 [3 Cal.Rptr.3d 684, 74 P.3d 779] [mental health evaluators testified at SVP trial]; *People v. Hurtado* (2002) 28 Cal.4th 1179, 1184–1185 [124 Cal.Rptr.2d 186, 52 P.3d 116] [same].) Under the circumstances, Whitney suffered no deprivation of rights.

## DISPOSITION

The judgment is affirmed.

Vartabedian, J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 31, 2005. Baxter, J., did not participate therein.