[No. F050958. Fifth Dist. July 30, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES QUINCY FLORES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 1–4 and 6, 7.

COUNSEL

Maureen L. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lloyd G. Carter and Brian Alvarez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAWSON, J.**—A jury convicted James Quincy Flores (appellant) of carrying a concealed dirk or dagger (Pen. Code, § 12020, subd. (a)(4)),[1] possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), possession of heroin (Health & Saf. Code, § 11350, subd. (a)), and unauthorized possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4140). In a bifurcated proceeding, the trial court found true four prior strike allegations and a prior prison term allegation. The trial court sentenced appellant to an indeterminate term of 25 years to life on the felony convictions, plus a one-year determinate term on the prior prison term. The court granted appellant credit for time served on the possession of a hypodermic syringe misdemeanor. Various fines and fees were imposed.

On appeal appellant contends that: (1) the trial court erred when it denied his new trial motion based on juror misconduct; (2) the trial court improperly instructed on the elements of carrying a concealed dirk or dagger; (3) there is insufficient evidence to support his conviction for heroin and cocaine possession; (4) he was improperly convicted of possession of both heroin and cocaine under the instructions given; (5) the reasonable doubt instruction given was flawed; (6) one of appellant's two possession terms must be stayed pursuant to section 654; and (7) the trial court erred when it increased appellant's restitution and parole revocation fines in violation of section 1170. We agree with appellant's last two contentions, and in all other respects affirm. We publish that portion of this opinion that addresses the validity of the reasonable doubt instruction contained in Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 220.

### FACTS

Between 6:00 p.m. and 7:00 p.m. on August 14, 2005, Police Officers Frederick Williams and Haywood Irving noticed appellant lying underneath a

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

vehicle in the "far southwestern portion" of the parking lot of an auto parts store in Fresno. The officers decided to check on appellant, whose upper body was under the car. Williams asked if appellant was okay and if he could speak to him. Appellant came out from under the vehicle and said "Sure." He had nothing in his hands at the time. Appellant told the officers he had just purchased the vehicle and was working on it. Williams asked appellant if he had anything illegal on him and appellant said he did not. Williams asked if he could search appellant, and appellant said "Sure. Go ahead." Williams felt an object in appellant's right front pocket. Williams put his hand "all the way in" the pocket and removed a knife completely concealed in a sheath. Williams did not see the knife in appellant's pocket when he came out from under the vehicle. The knife was approximately 10 inches long, including the six-inch blade.

Williams then conducted a search of appellant's vehicle. In the trunk, he found a small metal box containing a hypodermic syringe with a dark brown substance later determined to be cocaine and heroin. At the preliminary hearing, Williams testified that the box was under an article of clothing, but he did not recall that at trial. Appellant's vehicle was subsequently impounded.

At trial, Officer Williams placed the knife into the pants pocket of the jeans appellant was wearing at the time of the incident. Only a small portion of the scabbard was visible, as was the evidence tag, which had not been there at the time of the incident. When the pants were held up about 10 feet from Williams, he testified that the knife appeared to be concealed.

Hagop Toutikian sold the vehicle to appellant in March of 2005. Appellant was the registered owner, but he still owed a balance on the vehicle.

## DISCUSSION

1.–4.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. *Did the trial court err in giving the CALCRIM No. 220 reasonable doubt instruction?*

Appellant contends that instruction in the language of CALCRIM No. 220 violated his federal right to due process because it prevented the jury from

---

*See footnote, *ante*, page 1088.

considering the lack of evidence in determining whether a reasonable doubt existed as to his guilt. We disagree.

CALCRIM No. 220, as given, provided: "The fact that a criminal charge has been filed against [appellant] is not evidence that the charge is true. You must not be biased against [appellant] just because he has been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove each element of a crime beyond a reasonable doubt. [¶] . . . [¶] Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt. [¶] Proof beyond a reasonable doubt is proof that leads [*sic*] you with an abiding conviction that the charge is true. The evidence need not element [*sic*] all possible doubt because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider *all the evidence that was received throughout the entire trial.* Unless the evidence proves [appellant] guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty." (Italics added.) The trial court then gave CALCRIM No. 222, which, in pertinent part, defined "evidence" as "the sworn testimony of witnesses, the exhibits admitted into evidence, and anything else I told you to consider as evidence." That instruction also stated that "[n]othing that the attorneys say is evidence," that their remarks and questions are not evidence, and "[o]nly the witnesses' answers are evidence."

Appellant contends that because reasonable doubt may arise from the lack of evidence in a case as well as from the evidence presented at trial (*People v. Simpson* (1954) 43 Cal.2d 553, 566 [275 P.2d 31]), the italicized language in CALCRIM No. 220 combined with the definition of "evidence" given in CALCRIM No. 222 "contain[s] a flaw resulting in a due process violation because the possibility that a reasonable doubt may arise from the lack of evidence is not included in the basic definition of reasonable doubt." As argued by appellant, "by requiring a reasonable doubt to be based on the evidence presented, and by excluding argument as evidence, the instruction prevents the jury from basing a reasonable doubt upon the absence of sufficient evidence, even where defense counsel has argued that sufficient evidence is lacking." Appellant also contends that the instruction implies that "lack of evidence does not suffice for acquittal; rather, the defendant must adduce evidence that promotes a reasonable doubt." We see no reasonable likelihood that the jury understood and applied the instruction in the manner suggested by appellant.

The due process clause of the Fourteenth Amendment protects the accused against conviction except on proof beyond a reasonable doubt. (*In re*

*Winship* (1970) 397 U.S. 358, 361–362 [25 L.Ed.2d 368, 90 S.Ct. 1068] & cases cited therein.) The United States Constitution does not require jury instructions to contain any specific language, but they must convey both that the accused is presumed innocent until proved guilty and that the accused may be convicted only upon proof beyond a reasonable doubt. (*Victor v. Nebraska* (1994) 511 U.S. 1, 5 [127 L.Ed.2d 583, 114 S.Ct. 1239].) When reviewing the correctness of reasonable doubt charges, the proper constitutional inquiry is "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." (*Id.* at p. 6.) " 'The essential connection to a "beyond a reasonable doubt" factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates *all* the jury's findings.' [Citation.] Where such an error exists, it is considered structural and thus is not subject to harmless error review. [Citation.] However, if a jury instruction is deemed 'ambiguous,' it will violate due process only when a reasonable likelihood exists that the jury has applied the challenged instruction in a manner that violates the Constitution. [Citation.] Any challenged instruction must be considered in light of the full set of jury instructions and the trial record as a whole. [Citation.]" (*Gibson v. Ortiz* (9th Cir. 2004) 387 F.3d 812, 820–821; see also *People v. Smithey* (1999) 20 Cal.4th 936, 963 [86 Cal.Rptr.2d 243, 978 P.2d 1171].)

██ Here, the plain language of the instruction given tells the jury that "[u]nless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty." (CALCRIM No. 220.) Identical language was given in a similar instruction, CALCRIM No. 103, at the beginning of trial. The only reasonable understanding of this language is that a lack of evidence could lead to reasonable doubt. In addition, the trial court instructed the jury with CALCRIM No. 355, which specifically stated that a defendant "may rely on [the] state of the evidence and argue that the People have failed to prove the charges beyond a reasonable doubt."

Nothing about the instructions given implies to the jury that the defendant must adduce evidence that promotes reasonable doubt or that the defendant must persuade the jury of his or her innocence by evidence presented at trial. (*People v. Hernández Ríos* (2007) 151 Cal.App.4th 1154 [60 Cal.Rptr.3d 591].)

We see no violation of appellant's federal constitutional rights in the language of CALCRIM No. 220.

6., 7.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The matter is remanded to the trial court to stay execution of sentence pursuant to section 654 on either count 2 or 3. The trial court is directed to modify the judgment to reflect a restitution fine and a parole revocation restitution fine each in the amount of $1,000. (§§ 1202.4, subd. (b), 1202.45.) The court is directed to order that the clerk of the superior court then prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment. As so modified and in all other respects, the judgment is affirmed.

Levy, Acting P. J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 31, 2007, S155713.

---

*See footnote, *ante*, page 1088.