Filed 1/14/25  P. v. Flores CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES QUINCY FLORES,<br><br>    Defendant and Appellant. | F087721<br><br>(Super. Ct. No. CF05906253)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

In 2006, appellant and defendant James Quincy Flores (appellant) was sentenced to the third strike term of 25 years to life plus one year for a prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)). In 2023, the trial court received notice from the Department of Corrections and Rehabilitation (CDCR) of appellant's potential eligibility to have his sentence recalled pursuant to section 1172.75 to strike the prior prison term enhancement. The court held appellant was ineligible for relief because the prior prison term enhancement was based on his conviction of a sexually violent offense.

On appeal from the denial of resentencing, appellant's counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant has not filed a supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

On April 3, 2006, a second amended information was filed in Fresno County Superior Court charging appellant with count 1, carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)); count 2, possession of cocaine (Health & Saf. Code, § 11350, subd. (a)); count 3, possession of heroin (Health & Saf. Code, § 11350, subd. (a)); and count 4, misdemeanor unauthorized possession of a hypodermic needle or syringe (Bus. & Prof. Code, former § 4140).

The information alleged appellant had four prior strike convictions: one conviction for violating section 192.1[2] in Madera County Superior Court

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

[2]     "There are and were no sections bearing the numbers 192.1 or 192.2 in our Penal Code. As the proceedings in this case demonstrate, however, it appears to have been the practice to refer to the various subdivisions of former section 192 in this fashion, i.e., '192.1' designating former section 192, subdivision 1 (voluntary manslaughter), and

2

case No. 10706 in 1983; and three convictions for violating section 288, subdivision (b), in Fresno County Superior Court case No. 389182-7 in 1989.

The information also alleged one prior prison term enhancement pursuant to former subdivision (b) of section 667.5, based on the prison sentence imposed after appellant's convictions in case No. 389182-7 for three counts of violating section 288, subdivision (b).

Section 288, subdivision (b)(1), prohibits the willful commission of a lewd or lascivious act upon a child under the age of 14 years by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

On April 7, 2006, after a jury trial, appellant was convicted as charged of the four offenses. On April 11, 2006, the trial court found all prior conviction allegations true.

On July 19, 2006, the trial court sentenced appellant to the third strike term of 25 years to life for count 1, plus one year for the prior prison term enhancement; and concurrent terms for counts 2 and 3.

**Direct Appeal and Amended Abstracts of Judgment**

On July 30, 2007, this court filed the opinion in appellant's direct appeal, and remanded the matter for the trial court to stay execution of sentence on either count 2 or count 3 pursuant to section 654, modify the judgment to reflect the imposition of the restitution fines, and prepare and forward an amended abstract of judgment to CDCR. We affirmed the judgment as modified in all other respects. (*People v. Flores* (2007) 153 Cal.App.4th 1088, 1094.)

---

'192.2' designating former section 192, subdivision 2 (involuntary manslaughter)…. [T]he subdivisions of section 192 have since been renumbered." (*People v. Thomas* (1987) 43 Cal.3d 818, 825, fn. 3.)

On January 7, 2008, the trial court filed the amended abstract of judgment on remand reflecting that appellant was sentenced to 25 years to life on count 1 plus one year for the prior prison term enhancement, a concurrent term was imposed for count 2, the term for count 3 was stayed pursuant to section 654, and restitution fines were imposed.

On December 12, 2016, the trial court granted appellant's petition to strike his convictions in counts 2 and 3 pursuant to the provisions of Proposition 47, and denied his petition as to count 1. On December 14, 2016, the court filed an amended abstract of judgment to reflect that appellant's convictions for counts 2 and 3 were reversed, and his sentence for count 1 remained 25 years to life plus one year.

## SECTION 1172.75 HEARING

Section 1172.75, subdivision (a), states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, *except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code* is legally invalid." (Italics added.)

Welfare and Institutions Code section 6600, subdivision (b), defines a " '[s]exually violent offense' " to include a felony conviction for violating section 288, commission of a lewd or lascivious act on a child under the age of 14 years, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person .…" A forcible lewd or lascivious act in violation of section 288, subdivision (b), is a "sexually violent offense." (See *People v. Superior Court (Johannes)* (1999) 70 Cal.App.4th 558, 565, fn. 10; Welf. & Inst. Code, § 6600, subd. (b).)

4

In 2023, CDCR advised the trial court that appellant was potentially eligible to have the section 667.5, subdivision (b), prior prison term enhancement stricken pursuant to section 1172.75. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380; § 1172.75, subd. b).) The court appointed counsel and placed the matter on calendar.

On February 28, 2024, the trial court conducted the hearing on the matter. The court stated it had reviewed the record of appellant's prior convictions in case No. 389182-7 from 1989. It found appellant's prior prison term enhancement was based on his pleas to three counts of violating section 288, subdivision (b), and he was sentenced to three consecutive midterms. The court found the section 288, subdivision (b), convictions were sexually violent offenses, appellant was ineligible for relief under section 1172.75, subdivision (a), and declined to strike the prior prison term enhancement.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on October 1, 2024, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.