Filed 11/21/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HAYLEY MACKENZIE MURPHY,<br><br>    Defendant and Appellant. | A172224<br><br>(Napa County<br>Super. Ct. No. 20CR000088) |

Hayley Mackenzie Murphy moved to expunge her conviction under Penal Code section 1203.4 (undesignated statutory references are to this code) and reduce her felony conviction to a misdemeanor under section 17.[1] The trial court denied her motion. In her appeal, she contends the court erred by relying — despite language in section 1203.4, subdivision (c)(3)(C) (section 1203.4(c)(3)(C)) and section 17, subdivision (f) (section 17(f)) — on unpaid restitution to deny her requests. Those provisions provide that "an unfulfilled order of restitution" or "unpaid order of restitution" "shall not be grounds for denial" of such requests. This language, she argues, plainly prohibits courts from relying on unpaid restitution to deny requests for expungement and reduction. We agree and reverse.

---

[1] Section 17 was recently amended, but none of the provisions discussed in this opinion were altered. (Stats. 2025, ch. 611, § 1, eff. Jan. 1, 2026.)

1

## BACKGROUND

In January 2020, Murphy drove into a parked truck, damaging the truck and causing injuries to its driver. A California Highway Patrol officer conducted field sobriety tests — Murphy registered a blood-alcohol concentration of .212 and .211 percent — and arrested her. The district attorney charged her with felony driving under the influence (DUI) causing injury with a prior conviction (count 1); DUI with a blood-alcohol content 0.08 percent or above with a prior conviction (count 2); a special allegation as to counts 1 and 2 of excess blood-alcohol content; and a misdemeanor violation of driving with a suspended or revoked license (count 3). (Veh. Code, §§ 23153, subds. (a)–(b), 23560, 23578, 14601.1, subd. (a).)

In July 2021, Murphy pled no contest to a felony DUI causing injury and admitted the prior DUI conviction. She agreed to serve 120 days in jail, three years of probation, and complete an 18-month alcohol program. Per the agreement, her felony conviction could not be reduced to a misdemeanor until the end of probation. The remaining charges were dismissed, and imposition of the sentence was suspended. The trial court also ordered her to pay $78,558.62 in restitution to the victim, plus 10 percent interest per year from the date of sentencing.

Shortly after Murphy's three-year term of probation expired, she petitioned the trial court to expunge her conviction under section 1203.4 and reduce her felony conviction to a misdemeanor under section 17, asserting she fulfilled all the terms and conditions of probation. In opposition, the People argued she only paid $3,247.28 in restitution to the victim, thus failing to satisfy one of the conditions of probation. Murphy explained that although she paid some restitution, she lost her nursing license and employment as a result of her conviction. She got a job in a pet hospital and

2

was now able to continue paying. Moreover, the expungement and reduction would enable her to regain her nursing license and pay restitution.

The trial court determined it was not in the interests of justice to grant either motion. First, it noted Murphy had a prior DUI conviction and criticized her delays in completing the 18-month alcohol program. While the court acknowledged the pandemic affected her ability to complete classes since some programs closed, it recalled others generally completing the program in a shorter period of time. The court also placed emphasis on the outstanding restitution balance, noting the $3,000 payment was not "significant enough and impressive enough." According to the court, Murphy appeared "quite capable of getting employed and putting together a budget and making payments and inroads into that probation restitution order." Thus, at this point, the court was not satisfied with her progress, but "[d]own the road certainly if she" makes "significant effort to take care of her restitution," it might then grant the motion.

## DISCUSSION

Murphy argues the trial court erred by relying on unpaid restitution in denying her requests to expunge her conviction under section 1203.4, subdivision (c), and reduce her felony conviction to a misdemeanor under section 17. In response, the People contend neither provision bars consideration of a defendant's unpaid restitution when determining whether to grant relief. Instead, they prohibit courts from *solely* relying on unpaid restitution to deny relief. We independently review this matter of statutory interpretation, examining the plain language of the statutes and " 'affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context' " to effectuate the Legislature's purpose.

3

(*People v. Cornett* (2012) 53 Cal.4th 1261,1265; *People v. Tidwell* (2016) 246 Cal.App.4th 212, 216.)  Murphy has the superior argument.

Section 1203.4 authorizes a court to expunge a conviction in certain circumstances.  For example, a defendant who has fulfilled conditions of probation or who has been discharged before the termination of the probation period "is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record." (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249–250; § 1203.4, subd. (a).)  Thus, "the trial court *is required* to grant the requested relief" and dismiss the charges. (*Hawley*, at p. 250, fn. omitted; § 1203.4, subd. (a).)  But automatically granting expungement is prohibited if the defendant, like Murphy, has been convicted of violating Vehicle Code section 12810, e.g., a DUI or DUI causing injury.  (§ 1203.4, subd. (c)(1); Veh. Code, §§ 12810, 23153.)  Nonetheless, a court may, "in its discretion and the interest of justice," determine that such a defendant "should be granted" expungement relief.  (§ 1203.4, subds. (a), (c)(2).)  When considering a petition under this discretionary authority, the Legislature has provided that "an unpaid order of restitution or restitution fine shall not be grounds for denial of the petition for relief."  (*Id.*, subd. (c)(3)(C).)

Likewise, section 17 authorizes trial courts to reduce a wobbler offense — a crime punishable as either a felony or misdemeanor depending on the severity of the facts surrounding its commission — by declaring the crime a misdemeanor "on application of the defendant or probation officer." (§ 17, subd. (b)(3); *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974.)  When exercising its discretion, a court may consider a range of factors, including " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or [their] traits of character

4

as evidenced by [their] behavior and demeanor at the trial.' " (*Alvarez*, at p. 978.) It may also consider sentencing objectives in the California Rules of Court, including "protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1027–1028.) Like section 1203.4, however, section 17 expressly provides that, when the court exercises its discretion, "an unfulfilled order of restitution or a restitution fine shall not be grounds for denial of a request or application for reduction." (§ 17(f).)

The crux of this dispute is the meaning of this phrase. We conclude the command of sections 1203.4(c)(3)(C) and 17(f) is clear and unambiguous. The provisions prohibit a trial court from relying on a defendant's nonpayment of restitution or a restitution fine when denying their request for expungement or reduction. (*County of Orange v. Bezaire* (2004) 117 Cal.App.4th 121, 129; *Howard Jarvis Taxpayers Assn. v. Bay Area Toll Authority* (2020) 51 Cal.App.5th 435, 459.) The statutes do not specially define "grounds," indicating the Legislature intended to give that term its plain and commonsense meaning. (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083.) Consistent with that commonsense understanding, Black's Law Dictionary defines "ground" as a "reason or point that something (as a legal claim or argument) relies on for validity." (Black's Law Dict. (12th ed. 2024); *People v. Whitlock* (2003) 113 Cal.App.4th 456, 462 [examining dictionary definitions to ascertain common meaning of words].) Thus, prohibiting unpaid restitution from being "grounds for denial" means unpaid restitution cannot — in any way — be a basis for denying relief.

5

Resisting this conclusion, the People insist sections 1203.4(c)(3)(C) and 17(f) simply prohibit trial courts from "solely" relying on unpaid restitution to deny relief — that is, while "an unpaid restitution order shall not be *the* reason a court denies relief," nothing prohibits it from *considering* that fact when determining whether relief would be in the interest of justice. We are unpersuaded. Critically, the People fail to identify language supporting this creative reading. Indeed, their interpretation would require us to insert the word "the" into the statutes, i.e., an unfulfilled order of restitution "shall not be [the] grounds for denial." (§§ 1203.4(c)(3)(C), 17(f).) That addition would better conform the statute to the People's construction — an unpaid restitution shall not be *the* specific or sole reason a court denies expungement or reduction of offense relief. (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1396 [noting "the" is a definite article required when referring "to a specific person, place, or thing"].) But we decline the invitation to "rewrite the statute to conform to an assumed intention that does not appear in its language." (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

Our conclusion that sections 1203.4(c)(3)(C) and 17(f) are unambiguous renders examination of the legislative history unnecessary. Yet we observe that the legislative history of both provisions confirms our interpretation. (*People v. Valencia* (2017) 3 Cal.5th 347, 357; *Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 920 [examining legislative history to confirm plain meaning of statutory construction].) Senate Bill No. 1106 (2021–2022 Reg. Sess.) added the nearly identical language to sections 1203.4(c)(3)(C) and 17(f) — "an unfulfilled order of restitution or a restitution fine shall not be grounds for denial" of relief. (Stats. 2022, ch. 734, §§ 2–3, eff. Jan. 1, 2023.) In doing so, the Legislature found "[a]pproximately 80 percent of Californians

6

in the criminal legal system are indigent." (*Id.*, § 1, subd. (e).) And it acknowledged that, "[e]ven though courts have the discretion to grant expungement petitions for people who may still owe restitution and restitution fines, in practice, people are routinely denied dismissal and reduction relief on the basis of unpaid restitution and restitution fines, including individuals who otherwise meet all the requirements for mandatory dismissals." (*Id.*, subd. (n).) These statements demonstrate the Legislature's concern that unpaid restitution presented a barrier, including but not limited to those who had otherwise satisfied every other probation condition.

The Legislature also proclaimed that "expungement should be accessible to people who have been ordered to pay direct restitution or restitution fines." (Stats. 2022, ch. 734, § 1, subd. (o).) To that end, Senate Bill No. 1106 "would prohibit a petition for relief, whether statutorily authorized or in the court's discretion, from being denied due to an unfulfilled order of restitution or restitution fine." (Legis. Counsel's Dig., Sen. Bill No. 1106 (2021–2022 Reg. Sess.) p. 1; *Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1401 [Legislative Counsel's Digest not binding but entitled to great weight as to intent].) In sum, the legislative history of sections 1203.4(c)(3)(C) and 17(f) confirms that the purpose of, and the Legislature's goal in enacting, those provisions was to preclude trial courts from relying on the fact of unpaid restitution to deny relief. Accepting the People's reading — that courts may rely, so long as it is merely in part, on unpaid restitution to deny relief — violates the Legislature's express intent.

Given the statutory prohibition, we conclude the trial court erred by considering Murphy's unpaid restitution in denying her relief under sections 1203.4 and 17. (*People v. Knoller* (2007) 41 Cal.4th 139, 156 ["abuse of

discretion arises if the trial court based its decision on impermissible factors" or "on an incorrect legal standard"].)

The People alternately contend we should affirm because any error was harmless. This argument fares no better. Defendants are entitled to decisions made in the exercise of the trial court's informed discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court fails to exercise this informed discretion by affirmatively committing error. (*Ibid*; *People v. Fuhrman* (1997) 16 Cal.4th 930, 945.) In those circumstances, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391.)

The record here does not demonstrate "with unusual clarity that remand would be an idle act." (*People v. Flores* (2020) 9 Cal.5th 371, 432.) The trial court repeatedly emphasized Murphy's unpaid restitution as the primary factor for denying her relief. While the court made passing reference to her prior DUI conviction and delays in completing her alcohol program, it focused on the unpaid restitution, even suggesting it would reconsider its decision if she paid more restitution. It stated, "I'm not saying paying it all, that'd be nice if she could, but I think 3,000 is not sufficient, in my view, at this point in her process to grant the motion." The court expressed its view that the paid amount was not "significant" or "impressive enough" to warrant relief. Again reiterating the importance of paying restitution, it stated "I don't require that someone absolutely pay off all restitution, but I wanna be impressed at their performance." This heavy and repeated reliance on the improper factor of unpaid restitution undermines our confidence that it would have reached the same conclusion in the absence of the error.

Accordingly, we reverse and remand for reconsideration.[2] (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391.)

## DISPOSITION

The trial court's order denying Murphy's petition for relief under sections 1203.4 and 17 is reversed and the matter is remanded to the trial court for reconsideration in light of this opinion.

---

[2] If the trial court grants Murphy's petition for relief upon remand, it would appear the victim's right to any unpaid restitution would remain unaffected. (E.g., § 1202.4, subd. (i) [restitution order enforceable as a civil judgment]; *People v. Daffeh* (2024) 104 Cal.App.5th 790, 802 [expungement "does not take away the victim's right to receive restitution"].)

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.


A172224; *People v. Murphy*

10

Superior Court of Napa County, Hon. Mark Boessenecker

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Melissa A. Meth and Clarissa Limón, Deputy Attorneys General, for Plaintiff and Respondent.

Nicole Kalum, under appointment by the Court of Appeal, for Defendant and Appellant.